## W. R. PARKER *v.* PERRY CHASE AND LEMAN BUCK.

*Chattel mortgage, void for indefiniteness in description.*

1. While the description of the thing mortgaged in a chattel mortgage need not be sufficiently definite to enable one to identify the property without inquiry, it must indicate the line of inquiry and furnish the basis for identification.

2. A mortgage of "two cows," or "five cows," the mortgagor having at the time at least six cows, or of "two cows delivered to me by Edwin Strait," the mortgagor then having five cows received from Strait, is void for indefiniteness.

Trover for the conversion of six cows. Heard on referee's report at the September Term, 1889, TYLER, J., presiding. Judgment for the plaintiff. The defendants except. The facts appear in the opinion.

*I. N. Chase* and *Willard Farrington*, for the defendants.

The description in the mortgages was sufficient, and they were a valid lien upon the property. 55 Vt. 285 ; R. L. chaps. 65 and 99 ; Jones Chat. Mort., ss. 53, 55.

The sale upon the execution could convey no greater title than the debtor had. 2 Vt. 120 ; 10 Vt. 165 ; 26 Vt. 428.

The plaintiff knew of these mortgages and was bound to make inquiry. 16 Vt. 179 ; 17 Vt. 329.

*Cross & Start*, for the plaintiff.

The description in the mortgage is void for uncertainty. Jones Chat. Mort., s. 56 ; *Sounders* v. *Voorhees,* 36 Kan. 142; 2 U. S. Dig. 1268 ; *Caldwell* v. *Trowbridge*, 68 Ia. 150 ; 3 U. S. Dig. 829 ; *Kimball* v. *Sattley*, 55 Vt. 285.

The opinion of the court was delivered by

MUNSON, J. This suit is to recover damages for the taking of six cows. The plaintiff claims title as purchaser at an execution sale. The defendants justify the taking under three chattel

Parker v. Chase and Buck.

mortgages, given by the execution debtor before the attachment. The plaintiff contests the validity of the mortgages as regards the property in dispute. The question is as to the sufficiency of the description.

One mortgage is of "three cows," and another of "five cows," neither containing any further designation. When these mortgages were given, the mortgagor had at least six cows. The remaining mortgage covers "two cows, being the same cows delivered to me by Edwin Strait." At the time this was given, the mortgagor had five cows received from Strait. All the mortgages were duly recorded.

On the hearing before the referee an attempt was made to apply these mortgages to the cows in question. Evidence was taken under objection to ascertain upon which of the mortgagor's cows the mortgages were placed. With this evidence before him, the referee is unable to connect four of the cows in suit with the mortgages. The remaining two cows are found, upon the testimony of parties to the mortgages, to have been encumbered. But the referee finds no connecting link between the two cows and the mortgages except the assertions of the witnesses.

These mortgages cannot be made effective against the plaintiff. The descriptions are not sufficient to give notice of an encumbrance. While a description need not be enough to enable one to find the property without inquiry, it must be such as to indicate the line of inquiry and furnish the basis of identification. The instrument must contain some designation which, when aided by further information, will determine what property is mortgaged. The number of the articles may be sufficient if the mortgagor owns no more than the number given. But the mere statement of a number, when the mortgagor owns a larger number, in no way designates the property.

It is suggested that such a mortgage is notice that a given number are encumbered, and that the parties may be called upon to complete the designation. A mortgage which leaves the designation of the specific property resting exclusively in

Parker *v.* Chase and Buck.

the minds of the parties, fails to meet the fundamental pur-
poses and requirements of the law.    The designation made-
here by the referee has no foundation except the assertions of
the parties.    The result is not arrived at by applying their-
testimony to any descriptive matter in the deeds.    The evidence-
is introduced, not in aid of something which requires explan-
ation, but to supply something which is entirely wanting.    It
cannot be made use of for that purpose.    The mortgages are-
not sufficiently specific in description to be sustained.    Jones
Chat. Mort., s. 56 ; *Croswell* v. *Allis*, 25 Conn. 301 ; *Newell*
v. *Warner*, 44 Barb. 258 ; *Souders* v. *Voorhees*, 36 Kan. 138.-

*Judgment affirmed.*