# 𝔖𝔦𝔠𝔥𝔪𝔬𝔫𝔡.

## McConville v. National Valley Bank, of Staunton.

### January 18, 1900.

1. Husband and Wife—*Use of Wife's Money by Husband—Presumption—Husband Holding Legal Title for Wife—Collection of Rents.*—If a husband collects and uses as his own the money of his wife, with her knowledge and consent, the law presumes a gift. This presumption is not affected by the fact that the husband holds the mere legal title to the wife's land, where it appears that the wife permits him to collect and use her rents, although she is invested with the absolute ownership, with authority to use, possess, and enjoy the property, and to receive the rents, issues, and profits thereof, to her own use.

2. Husband and Wife—*Conveyance from Husband to Wife—Presumption.*—The presumption of law is that a conveyance from a husband to his wife is voluntary, and the burden is on those claiming under such conveyance to show the contrary.

3. Husband and Wife—*Husband Trustee for Wife—Collections as Trustee—Liability to Wife—Conveyance in Consideration of Such Liability.*—If a debt is secured to a husband as trustee for his wife, and he alone has authority to collect it, the receipt of the money by him does not raise a presumption of a gift from his wife, nor is she compelled to prove a promise on his part to pay or account for it. Equity will compel him to pay; and a deed to his wife, made in consideration of such indebtedness, is valid, and will be upheld.

Appeal from a decree of the Corporation Court of the city of Lynchburg, pronounced June 16, 1898, in a suit in chancery, wherein the appellee was the complainant, and the appellant and another were the defendants.

*Reversed.*

The opinion states the case.

*F. S. Kirkpatrick* and *H. M. Ford,* for the appellant.

*Harrison & Long,* for the appellee.

Cardwell, J., delivered the opinion of the court.

The object of this suit was to set aside a deed made by a husband to his wife of all property owned by him, upon the ground that it was made without valuable consideration, and for the purpose of hindering, delaying, and defrauding his creditors, and to subject the property conveyed to the payment of the debts of the husband.

The grantor, D. D. McConville, had for a number of years been engaged in the mercantile business in the city of Lynchburg, and, about two months prior to the execution of the deed attacked in this suit, he and his wife conveyed to W. E. Garbee and wife jointly a house and lot in Lynchburg, where he had theretofore resided and conducted his business, for a consideration of $2,688, evidenced by eighty-four negotiable notes for $32 each, payable at intervals of one month from April 5, 1897, to D. D. McConville, and secured by a deed of trust on the property conveyed, and, on the 17th of June, 1897, he executed the deed in question to appellant, E. M. McConville, conveying to her his entire property, including the eighty-four notes of W. E. Garbee, above mentioned. This deed was made but two days before the rendering of the judgment in favor of appellee, the National Valley Bank, upon the note of one B. E. Hughes for the sum of $504.14, with interest from the 22d day of April, 1897, endorsed by D. D. McConville and the Traders Bank of Lynchburg, and about two weeks before the filing of a commissioner's report fixing the liability of D. D. McConville to Roy C. Brown, appellee, as surety for B. E. Hughes, on his bond as guardian for Roy C. Brown and others, at the sum of $1,904.47, with interest.

Opinion.

Besides certain debts outstanding against D. D. McConville, amounting to $1,475, assumed by the grantee, Mrs. McConville, the consideration set out in the deed is the alleged indebtedness of D. D. McConville to his wife, stated as follows:

By amount collected by the said D. D. McConville for
    the said Eleanor M. McConville, his wife, from
    James Henderson, R. D. Yancey, trustee......... $ 800 00
Interest for three years............................ 144 00
           —————— $ 944 00
2. By rent collected by the said McConville, as trustee
    for his wife, from house on Twelfth street....... $ 840 00
With accumulated interest (estimated)............... 300 00
          —————— 1,140 00
3. By rent collected (of Ed. Roethlein, agent) for said
    party of the second part........................ $1,300 00
With interest (estimated)........................... 100 00
          —————— 1,400 00
4. By rent collected from a house in Camp Davis..... $1,000 00
With interest for five years........................ 300 00
          —————— 1,300 00
5. By amount collected from house on Diamond Hill..  . 48 00

The rents, with estimated interest, claimed to have been collected, aggregate $3,888, which, with the Henderson debt, with three years' interest, $944, makes $4,832, the consideration set out in the deed other than the assumption by the wife of the debts of the husband above mentioned.

Upon the hearing of the cause, the court below, by its decree appealed from, held that the deed was, except to the extent of the debts assumed to be paid by Mrs. McConville, not upon consideration deemed valuable in law, and was made with intent to hinder and defraud the creditors of D. D. McConville, and annulled the deed as to the debts of the appellees, the National Valley Bank and Roy C. Brown, except as to the $1,475, the amount of the debts assumed to be paid by Mrs. McConville.

The appellant, Mrs. McConville, contends that, in setting aside and annulling the deed as to the rents alleged to have been collected by her husband, and the amount of the Henderson

debt, the Circuit Court erred on two grounds: First, because the evidence shows that D. D. McConville collected and used in his business her money, pursuant to an understanding between them that he would either return the money or convey her his real estate; second, that the legal title to her property (from which it is alleged the rents were received) stood in the name of her husband, as trustee; that he collected her money, not as her agent, but as her trustee, in which capacity he was vested with the legal right and authority to collect it, and that she, being the beneficiary of those trusts, has the right to require the payment of the sums collected by him.

It is true that two pieces of the real estate referred to were conveyed to the husband as trustee for his wife, but under the terms of the deeds he only held the bare legal title, and the wife is given the absolute ownership, with authority to use, possess, and enjoy the property, and to receive the rents, issues and profits thereof to her own use, and with full power to convey or mortgage it by a deed in which her husband united. It cannot be said, therefore, that the rents collected, if any, from these two pieces of property by D. D. McConville were received by him in trust for his wife, and unless the evidence shows that the money collected by him from this source was to be returned to her under some contemporaneous contract or agreement to that effect, the wife could not require repayment of it to her.

Where the husband collects and uses the wife's money with her knowledge and consent, the law does not imply a promise of repayment, as would be the case if they were strangers, but presumes that the receipt and use of her money and her property, or its proceeds, was a gift of them by her to her husband and not a loan. *Throckmorton* v. *Throckmorton*, 91 Va. 42, and authorities cited.

Where the husband conveys his property to his wife, the presumption of law is that the conveyance was voluntary, and the burden of proof that it was made upon valuable consideration

rests upon those claiming under it. *Flynn, &c.,* v. *Jackson,* 93 Va. 346.

It appears that about February, 1892, D. D. McConville became very desirous to get out of the business in which he was engaged, and took in with him one W. E. Garbee, with the understanding and expectation that Garbee would ultimately take the entire business off of his hands. At that time, while the evidence does not show any large indebtedness of McConville as principal, he was surety for B. E. Hughes as guardian, as above stated, for the Brown children, upon a bond in the penalty of $10,000, and it was known by McConville that B. E. Hughes was insolvent. As we have seen, but a short time before the deed to his wife, the building in which he lived and in which his business was conducted was conveyed by him to Garbee and wife, who had been living with him since February, 1892, but the proceeds of that sale were also embraced in the conveyance to his wife.

Appellant, to sustain her contention that the rents specified in the deed in question were collected by her husband with the understanding that he would repay the money or convey his property to her, introduced three witnesses, W. E. Garbee and wife, and one Mrs. D. J. Williams, a niece of appellant. They agree in fixing January 1, 1892, as the time when they first heard of the alleged understanding, but they also say that they heard that it had already existed for some time. All of them say that their information in respect to it was derived from McConville and the appellant; that they frequently heard them speak of it. None of them can state the terms of the alleged understanding more specifically than that " she tendered him her means to help him go out of business, with the understanding that he would repay her or deed her his property." They do not know what sums of money she let him have, when she let him have them, for what purpose they were used, nor what property he was to convey to her.

Whether the testimony of these witnesses as to the declarations of McConville and his wife with reference to the alleged understanding is admissible or not, it is unnecessary, in this case, to decide, for if it be conceded that it is admissible, it is too vague, indefinite, and uncertain to overcome the presumption of law that the receipt and use of the rents by McConville from his wife's property was a gift by her to him, and not a loan. Therefore, as to any rents that he may have collected from her property, it is the ordinary case of the husband collecting and receiving his wife's money, and using it with her knowledge and consent, without any promise for its repayment. We are of opinion that the Corporation Court did not err in holding that the deed of McConville to his wife was fraudulent and void as to appellees, in so far as it rested upon the alleged indebtedness of McConville to his wife for the money specified in the deed as due her for rents received from her property.

With reference to the money stated in the deed to be due by McConville to his wife on account of the collection by him of the debt due by James Henderson, the case is different. The proof shows that this debt was secured on Henderson's property to McConville as trustee for his wife. True, it does not appear just what were the terms of this trust, but it being due to McConville as trustee for his wife, he alone could collect it, and did collect it, and the mere fact that his wife was present when the money was received by him in order that she might unite with her husband in releasing the deed of trust securing it, does not divest the fund of its trust feature. McConville having received it as trustee for her, it was not incumbent upon her to prove a promise or agreement on his part to account to her for it. Equity would have compelled him to do this. But the evidence shows that McConville did not receive from the "Henderson" debt $800. The amount he actually received, according to the proof, was $715.29, on the 11th day of August, 1894. For this sum, with interest thereon from August 11, 1894, the deed in

question rests upon a valuable consideration, and therefore the decree in so far as it holds to the contrary is erroneous. It will be in this respect reversed, but in all other respects affirmed, and the cause remanded to the Corporation Court to be further proceeded in as will appear necessary in accordance with this opinion.

*Reversed.*