## 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

### HARDAWAY v. JONES.

#### June 26, 1902.

100  481
d103 554
e103 555

100  481
f110 796

1. CHATTEL MORTGAGE—*Description of Property.*—A deed of trust or mortgage conveying chattels, when recorded, is constructive notice to third persons, if the description in the deed or mortgage is such as will enable them to identify the property, aided by the inquiries which the deed or mortgage itself indicates and directs. But a deed of trust on "four mules," which does not give their color, sex, size, age, from whom purchased, nor state where or in whose possession they are, nor mention the residence of the grantor, the trustee, or the beneficiary therein, does not give constructive notice under section 2468 of the Code to innocent third persons.

2. DETINUE—*Action by Trustee—Damages for Detention.*—A trustee in a deed of trust on personal property, who has never had actual possession of the property conveyed, may maintain an action of detinue against a purchaser for property fraudulently removed and sold, and may recover not only the property itself, but also reasonable damages for the use and hire of the property from the time he demanded possession thereof.

Error to a judgment of the Circuit Court of Wise county, rendered December 7, 1901, in an action of detinue, wherein the defendant in error was the plaintiff, and the plaintiff in error was defendant.

*Reversed.*

The deed of trust copied into the opinion of the court was not acknowledged till August 5, 1901, and was recorded August 8, 1901. The mules were sold September 5, 1901. These mules had never been in the actual possession of the trustee, and all of

his right, title and interest in, and powers over, them were de-
rived from the deed of trust aforesaid. No question was raised
as to the right and power of the trustee to maintain the action,
except on the ground of insufficient description. The defendant
also denied the right of the plaintiff to recover damages for the
detention of the mules.

*J. Norment Powell, E. M. Fulton* and *R. T. Irvi:.e,* for the
plaintiff in error.

*O. M. Vicars,* for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

On the 27th day of March, 1901, Rufus Fields executed a
deed of trust to John Jones, trustee, to secure a debt due the
Stony Creek Lumber Company, in the following words:

"This deed of trust made and entered into on this the 27
day of March, 1901, between Rufus Fields of the first part;
John Jones, trustee, of the second part, and the Stony Creek
Lumber Co., Inc., of the third part, witnesseth, that, whereas,
the said Rufus Fields, party of the first part, is indebted to the
said company in the sum of seven hundred and thirty-one and
4-100 dollars, and to secure the payment thereof, and also to
secure the payment of any other sums which may hereinafter
be advanced by said company to the party of the first part, over
and above what may be justly due to the party of the first, he
hereby sells to the said John Jones the following property, to-
wit:

| | |
|---|---|
| Two log wagons | |
| Four mules | |
| Two horses | & all chains. |
| grabs, | See Exhibit A. |
| hooks, etc., | |
| that he now owns. | |

"In trust, nevertheless, to secure to said company the said sum

or sums of money. And if the said party of the first part shall
fail to pay the said company by the first day of July, 1901, what
may be due it, then the said John Jones, trustee, is hereby au-
thorized and empowered to sell the said property and pay to said
company the amount due to it, and the remainder, after pay-
ment of costs, to the party of the first part."

Fields, the grantor, acknowledged the deed before a notary
public in and for Scott county, and it was put to record in that
county. Within less than a month after it was recorded, Fields
removed the four mules conveyed by the deed to Wise county,
and sold them for a valuable consideration to H. Hardaway, a
resident of that county, who had no actual notice of the deed of
trust. Jones, trustee, a few days thereafter demanded possession
of the mules, and upon Hardaway's refusal to surrender them,
instituted his action of detinue. Upon the trial of the cause
there was a judgment in favor of the plaintiff. To that judg-
ment this writ of error was awarded.

The first assignment of error is that the court erred in in-
structing the jury that the defendant had constructive notice of
the deed of trust when he purchased the mules in controversy.

The mules not having been removed from Scott county to
Wise county as much as one year before the defendant pur-
chased them, it is conceded that, under the provisions of section
2468 of the Code, the recordation of the deed of trust in Scott
county operated as constructive notice to the defendant, if the
description of the mules in the deed of trust was sufficient.

It seems to be well settled that a description in a chattel
mortgage or deed of trust may be sufficient as between the imme-
diate parties to it which would not be sufficient as against
creditors or purchasers from the grantor in the deed.

It seems to be equally well settled that it is not necessary, in
fact, in many cases it is impossible, to so describe the property
that it can be identified by the words or names used in the deed
by its mere inspection, without the aid of extrinsic evidence.

It is, therefore, permissible, and in most cases necessary, to resort to parol evidence to identify the property mentioned in the deed, even where it has been minutely described.

The general rule upon this subject as stated by the text writers, and which seems to be sustained by the weight of decided cases, is, that a deed of trust or mortgage conveying chattels, when recorded, is constructive notice to third persons, if the description in the deed or mortgage is such as will enable them to identify the property, aided by the enquiries which the deed or mortgage itself indicates and directs. Jones on Mortgages, sec. 238. See note to *Barrett* v. *Fisch*, 14 Am. St. Rep. 238, 239, and cases cited.

The deed of trust under consideration describes the property conveyed as follows:* "Two log wagons, four mules, two horses, and all chains, grabs, hooks, etc., that he (the grantor) now owns. See Exhibit A." There was evidence tending to show that the words "See Exhibit A" were not in the deed, and that the exhibit itself was not in existence when the deed was acknowledged by the grantor for recordation. The court was of opinion that the recordation of the deed of trust, without reference to "Exhibit A," was constructive notice to the defendant, and so instructed the jury.

In determining whether or not that instruction was correct, the deed alone, without "Exhibit A," can be looked to for the description of the chattels conveyed.

The deed contains no description of the mules in controversy, except their number. It does not give their color, sex, size, age, from whom purchased, where or in whose possession they were. It does not mention the residence of either the grantor, trustee or beneficiary therein; nor does it give any information as to the whereabouts of the parties to, or of the property conveyed by, the deed, except what may be inferred from the fact that the deed was acknowledged for recordation before a notary in and for Scott county, and put upon record there.

A mortgage which describes the property as "one black mule six years old in the mortgagor's possession in White county, Ark.," has been held sufficient. Cattle described by their names, as registered in the "American Short-Horn Herd Book," as eighteen head of two-year-old steers of various colors, also one span of heavy dark bay mules, all kept on the premises of the mortgagor, whose residence was stated, has been held sufficient. But a description of cattle "as nineteen pure blood Hereford cattle, giving their names, and stating that their names were the same as recorded in the American Hereford Herd Book, was held to be too indefinite." A mortgage describing the property conveyed as "One Durm. bull, known as the Grinnall bull—said bull is four years old and weighs about two thousand four hundred pounds," has been held sufficient when recorded to constitute constructive notice. A recorded mortgage was held insufficient for that purpose which described the property as "one sorrel horse, three years old," and makes the futher recital that the mortgagor is a resident of a certain county, and in case of foreclosure the property was to be sold in that county.

In no case that we have seen has the recordation of a deed of trust been held to be constructive notice which contained no description of the animals conveyed except their number, which did not state in whose possession the property was or where it was located or might be found, or where any party to the deed resided.

We are of opinion that the property in controversy was not so described in the deed that its recordation was constructive notice to the defendant, and that the court erred in so holding.

The second assignment of error is that the court erred in instructing the jury that if they found for the plaintiff the mules in controversy, they should also find their alternative value and such damages for their detention as the jury might believe from the evidence the services of the mules were reasonably worth from the time the plaintiff demanded possession of them.

The contention of the defendant is that the plaintiff (trustee) was not entitled to the hire or services of the mules; that his rights were limited by the trust itself, which gave him no other, or further power than to sell the property and pay the beneficiary the amount due it; that the right to sell would carry with it the right to obtain and hold possession of the property on the day of sale, but would not give the trustee the right while he had possession of the mules, either to work or to hire them out, and neither would it give to the beneficiary any such rights.

If the trustee was entitled to the mules when he demanded possession of them from the defendant, who refused to give them up, but retained and used or hired them out, every principle of right and justice would demand that he should account for the use or hire of the mules. If it were otherwise, the wrong-doer would make a profit out of his own wrong which the law does not tolerate.

In the case of *Nichols* v. *Campbell*, 10 Gratt. 560, 573, which was an action of *detinue* for slaves, brought by trustees in a deed of trust to secure a debt, the defendant claimed as a purchaser under a subsequent trust deed from the same grantor, and the right of the trustees to recover the hire of the slaves was upheld upon the ground that in law the slaves were the property of the trustees, and if the slaves were theirs, so also were the hires from the time they were held adversely, or at least from the institution of the action.

The court erred, as we have before seen, in giving the plaintiff's instruction No. 1, and for that error the judgment must be reversed, the verdict set aside, and a new trial awarded to be had in accordance with law, and not in conflict with the views expressed in this opinion.

*Reversed.*