# Richmond.

National Cash Register Co. v. Burrow and Martin, Trustees, and Another.

March 10, 1910.

Absent, Buchanan, J.

1. SALE OF CHATTELS—*Reservation of Title or Lien—Stautory Requirements—Constructive Notice—Case at Bar.*—Under the provisions of section 2462 of the Code, if a vendor of chattels wishes to retain the title to or a lien on such chattels, as against subsequent purchasers or creditors, the contract must be in writing, signed by the vendor and vendee, and the vendor must cause to be docketed and indexed "from the original contract" a memorandum setting forth the date of the contract, the amount due thereon, when payable, how payable, a brief description of the goods or chattels, and the name of the vendor and vendee. All of these requisites must be complied with in order that the docketing may constitute constructive notice. The docketing of a contract providing for notes payable in monthly installments after maturity of first note, but authorizing the purchaser to date the first note at such time as he may elect, and to insert the date either before or after the execution of the note, does not give notice of when and how the deferred payments are to be made, is not a sufficient compliance with the statute, and hence is not constructive notice.

2. REGISTRY—*Constructive Notice—Description of Property.*—In order that the registry of a conveyance may operate as constructive notice to subsequent purchasers and incumbrancers the instrument must afford the means of not only ascertaining with accuracy what property is conveyed or affected by the instrument registered, and where it is, but its language must be such that, if a subsequent purchaser or incumbrancer should examine the instrument itself, he would obtain thereby actual notice of all the rights which were intended to be created or conferred by it.

Error to a judgment of the Circuit Court of the city of Norfolk, in an action of detinue.    Judgment for the defendants. Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*Jeffries, Wolcott, Wolcott & Lankford,* for the plaintiff in error.

*Alan G. Burrow* and *Jas. G. Martin,* for the defendants in error.

CARDWELL, J., delivered the opinion of the court.

The Victoria Hotel Corporation, of the city of Norfolk, Va., bought from the National Cash Register Company two cash registers on the installment plan, entering into a contract purporting to set forth the price of the registers, when and how the deferred payments therefor were to be made payable, etc.    The vendor sought to record said contract in the clerk's office of the Corporation Court of the city of Norfolk, so as to hold title to the registers in question against subsequent purchasers and creditors until the whole purchase money was paid, as provided by section 2462 of the Code of 1904.    The vendee, a few months thereafter, made a deed of assignment, conveying its property (with certain named exceptions) to Burrow and Martin, trustees, for the benefit of the creditors of the grantor.    These trustees took possession of the property conveyed to them, including the cash registers in question, claiming them as purchasers for value, in good faith and without any notice of reservation of title to or against the registers, and said trustees having refused to deliver the registers to the National Cash Register Company, it instituted this action of detinue for the recovery thereof.

Upon the trial of the case the circuit court, without the intervention of a jury as the parties had agreed, in effect held

that the plaintiff was entitled to a judgment for the registers sued for as against the Victoria Hotel Corporation, but that the contract under which the plaintiff claimed the right to have them delivered to it was either incapable of being docketed, or was not a sufficient compliance with the statute, as against the trustees, Burrow and Martin, and therefore they were entitled to retain the same for the benefit of the creditors secured in said deed of trust, and judgment was entered accordingly. That judgment, in so far as it denied the plaintiff a recovery against Burrow and Martin, trustees, is before us for review upon a writ or error awarded by one of the judges of this court.

It is conceded in the record that the defendants in error had no actual notice of the contract relied on by plaintiff in error. Therefore the question for determination is whether or not the contract in question was (1) capable of being registered under the statute, and (2) was it sufficiently descriptive of the property to which title was sought to be retained by the vendor till the purchase money therefor was paid, to constitute constructive notice to third persons?

In determining these questions we have first to look to the statute authorizing the registry or recordation of such contracts in order that a vendor of a chattel may retain title thereto, not only against the vendee but third parties, until the purchase money therefor is fully paid; and then to the contract as registered or recorded in this case.

We do not deem it necessary to set out the statute at length. Suffice it to say, it requires that the registry or docketing of the contract must be done by the clerk *"from the original contract,"* and for the contract to be inherently capable of being docketed under the statute it must contain everything which the clerk must have before him to be put on the docket, to-wit: (1) Date of contract; (2) amount due thereon; (3) when payable; (4) how payable; (5) a brief description of the goods or chattels; and (6) name of vendor and vendee.

Before the question as to the sufficiency of the description of

the goods is reached the antecedent questions have to be determined, viz., is the amount due on the contract, when and how payable, sufficiently stated in the contract to entitle the vendor to its registry or docketing by the clerk, and to the protection that the statute intends in such cases?

The statute requires the six requisites named above to appear in the contract, and that it be docketed and indexed "as herein provided for." In this case the contract, so far as it need be set out, is as follows:

"In consideration of the above, the undersigned to pay you five hundred and seventy-five dollars ($575.00), $60 cash with the order; $——— cash upon arrival of register; $515 note, payable in 10 monthly installments; 9 of $50 each, with privilege, and 1 of $65 to be executed by the undersigned upon such arrival.

"Cash less 5 *per cent.*, 30 days' privilege.

"You to allow the undersigned 5 *per cent.* discount for cash settlement made on arrival of register; but no discount to apply on allowance for registers taken in trade, nor on price of autographic registers, nor on other registers the price of which is $30, or less.

"You are authorized to date above mentioned note at such time as you may elect and to insert such date either prior to or after the execution of such note.

"Should there be any failure to pay draft or other demand for cash payment and to execute such note for deferred payments when presented, it is agreed that the full amount of the purchase price shall at once become due and payable; should there be any default in the payment of an installment, it is agreed that all the remaining installments shall at once become due and payable, anything in the note to the contrary notwithstanding . . ."

It will be observed that the vendee was authorized to date the above mentioned note (i. e., the note for first deferred payment) at such time as he might elect, and to insert such date

either prior to or after the execution of such note; so that the time of payment of the other installments of the purchase money was made entirely dependent upon the date of the first note, these installments being payable monthly after its date, thus setting out an agreement between the parties that they may have fully understood, but failing entirely to provide any sort of notice to third parties as to when and how the deferred payments for the chattels in question were to be paid. The fact is that the note was dated May 20, 1907, nearly a month after the date of the contract (April 29, 1907), and as a matter of fact it might as well have been dated two years, or any other time later, under the authority given by the contract. Furthermore, it appears that the note of which we have been speaking was not dated until nearly a month after the supposed docketing of the contract; so that the contract, as presented to the clerk, which should have been capable of giving the required information as to when the balance of the purchase money for the cash registers in question was payable, could not have given such information until after the date of the note was inserted therein, and we concur in the view of counsel for defendants in error that without the complete note set out in the contract or attached thereto as a part thereof the contract was inherently incapable of being docketed under the statute.

The reasoning applied by this court in its opinion in the case of *Florance* v. *Morien*, 98 Va. 26, 34 S. E. 890, applies with equal force in this case. In that case the court was considering the question as to when a recorded conveyance of property would operate as constructive notice to subsequent purchasers or incumbrancers, and it was held: "If the property conveyed be so described or indentified in the conveyance that a subsequent purchaser or encumbrancer would have the means of ascertaining with accuracy what and where it is, and the language be such that, if he should examine the instrument itself, he would obtain thereby actual notice of all the rights which were intended to be created or conferred by it, the description is

sufficient, and the registry of such conveyance operates as constructive notice to subsequent purchasers and incumbrancers." In other words, the registered or recorded instrument must afford to subsequent purchasers or encumbrancers the means of not only ascertaining with accuracy what property is conveyed or affected by the instrument registered or recorded and where it is, but its language must be such that, if a subsequent purchaser or incumbrancer should examine the instrument itself he would obtain thereby actual notice of all the rights which were intended to be created or conferred by it; and if it contained these essential requisites the registry or recordation thereof operates as constructive notice to subsequent purchasers and incumbrancers; otherwise not.

We are of opinion that the judgment complained of in this case is right, and it is affirmed.

*Affirmed.*