# �export 𝔕ichmond.

## NATIONAL CASH REGISTER CO. v. NORFOLK CITY REALTY CO. AND OTHERS.

### March 10, 1910.

#### Absent, Buchanan, J.

1. SALE OF CHATTELS—*Reservation of Title or Lien—Description of Chattels.*—The memorandum required to be docketed under section 2462 of the Code, on a conditional sale of, or reservation of a lien upon, chattels, in order to operate as constructive notice to subsequent purchasers and creditors, must contain such a description of said chattels as will enable such purchasers and creditors, by examination of the records, to obtain actual notice of all the rights which were intended to be created or conferred by the instrument docketed. An instrument which leaves the designation of the specific property resting exclusively in the minds of the parties fails to meet the fundamental purposes and requirements of the registry law. The description of property cannot be arrived at by applying the testimony of the parties to the descriptive matter in the deed. Such evidence is not in aid of something which requires explanation, but is supplying something which is entirely wanting.

Appeal from a decree of the Circuit Court of the city of Norfolk. Decree for defendants. Petitioners appeal.

*Affirmed.*

The opinion states the case.

*Jeffries, Wolcott, Wolcott & Lankford,* for the appellant.

*James E. Heath,* for the appellees.

CARDWELL, J., delivered the opinion of the court.

This is an appeal from a decree of the Circuit Court of the city of Norfolk, and was argued and submitted in this court along ·with the case of the *National Cash Register Company* v. *Burrow and Martin, Trustees, ante,* p. 785, 67 S. E. 370, in which an opinion has just been handed down. Both cases arose under section 2462 of the Code, which provides for reservation of title to and liens on goods and chattels sold, and when such a reservation is to be void as to creditors and subsequent purchasers, etc. In the opinion just handed down the statute, so far as it applies peculiarly to these cases, was set out, and also the requisites of a contract intended as a reservation of title to goods and chattels sold; and it is therefore not necessary to repeat here the statute or these requisites, but we shall be content with a reference to said opinion.

In 1907 when appellee opened the hotel in the city of Norfolk known as the "Lynnhaven Hotel," it agreed to purchase from appellant six cash registers, one in a contract to itself at the price of $85.00, and five in another contract for $1,315.00, the terms on which the $85.00 register was sold being $15.00 cash on the arrival of the register, and $70.00 evidenced by notes payable in seven monthly installments of $10.00 each, to be executed by appellee upon its arrival, and the terms upon which the five machines named in the other contract were sold were $650 cash upon delivery of the machines, and $665 evidenced by a note payable in six months from the arrival of the machines, and executed by the purchaser upon their arrival.

These contracts were filed with the clerk of the Corporation Court of the city of Norfolk, to be docketed in a book in his office known as the memorandum docket, being the docket provided for by section 2462 of the Code, *supra,* and in which conditional sales and reservations of title are docketed, and it is claimed by appellant that the said contracts were duly docketed.

A chancery suit was subsequently instituted by Calvin B. Taylor against the Norfolk City Realty Company, Incorporated, appellee here, for the enforcement of various liens and

other debts against the real estate of the defendant known as the "Lynnhaven Hotel," in which suit receivers were appointed to take charge of the property of the defendant company, and the proceedings in that suit were such as to convert it into a creditors' proceeding to subject the property of the defendant company to the payment of its debts. The receivers of the court took charge of the property, including the cash registers here in question, and upon their refusal to deliver these registers to the appellant, it filed a petition in the cause, asking that the court direct the receivers to deliver to it the said registers; and, upon the hearing of that petition, the court entered an order refusing to direct the return of the cash registers to the appellant, holding that the docketing of the contracts under which they were claimed was insufficient, and that the registers were properly in the hands of the receivers to be sold, and the proceeds applied to the debts of the defendant company. From that decree this appeal was taken.

The first of these contracts consisted of a written order addressed to the appellant, dated April 20, 190—, signed "Henry DeWaters, By Henry DeWaters," and endorsed thereon are the words and figures, "Accepted 4-24, 1907, 3001, The National Cash Register Company, By A. F. Siebert," and this written order directed the shipment, "to the undersigned at No. ——, Lynnhaven Hotel, —— Street. Mailing address —— Street, as soon as possible, one of your No. 250 Registers, case to be A, denominations of keys to be Standard. This register to be used ·on the ——————— counter barber business." Then follows the price to be paid and the terms, which terms however are stated to be "$———— cash with order; $15 cash upon arrival of register; $70 note, payable in 7 monthly installments of $10 each, and ———— of $————, to be executed by the undersigned upon such arrival; $————." Then follow other stipulations and conditions which need not be quoted.

The second contract bears date December 19, 1906, and requests the shipment "to the undersigned at No. ————. The

Lynnhaven Hotel, ——— Street. Mailing address, ———
Street, as soon as possible, 2-79, 2-47, 1-43 Sp. 2, D. B. S. C. of
your No. ——— Registers, case to be C. Denominations of keys
to be as per attached arrangement. This register to be used on
the ———————— counter, hotel business." Then follows the
total price to be paid for the registers, on the terms: $————
cash with the order; $650.00 cash upon delivering of registers;
$665.00 note, payable in 6 months from delivering of registers,
and to be executed by the undersigned upon such arrival; $—"
Then follow other terms and stipulations which need not be
here mentioned, and upon the contract appear the words, figures
and signatures as follows:

"Accepted, Jan. 2, 1907, 2721.

"(Sign here)

"NORFOLK CITY REALTY CO., Inc.,

"By John Keevan Peebles, Archt.

"THE NATIONAL CASH REGISTER COMPANY,

"By John T. Watson, D. M.

"O. V. Bell.    486."

On each of these contracts are endorsements of letters and fig-
ures wholly unintelligible of themselves, though they may have
been, and doubtless were, fully understood by the parties who
entered into or attempted to make the contracts.

The registry or recordation of the respective contracts in the
office of the clerk of the Corporation Court of Norfolk city is as
follows:

"Virginia:

"In the clerk's office of the Corporation Court of the city of
Norfolk, on the 30th day of October, 1908.

"The following is an abstract from Contract Book No. 25,
page 122, in said office.

"Date of contract, 1907, April 20th.

"When docketed, 1907, May 4th, 10:15 A. M.

"Name of vendor, National Cash Register Co., Dayton Ohio.

"Name of vendee, Lynnhaven Hotel, by Henry DeWaters, Norfolk, Va.

"Amount due on contract, $85.00.

"Description of property, one No. 250 Cash Register, case to be A. Keys to be standard.

"Terms, $15.00 paid cash and $10.00 per month.

"Situated, Lynnhaven Hotel, Norfolk, Va.

"Teste: JAMES V. TREHY, Clerk,

"By E. J. Doran, D. C."

"Virginia:

"In the clerk's office of the Corporation Court of the city of Norfolk, on the 30th day of October, 1908.

"The following is an abstract from Contract Book No. 25, page 125, in said office.

"Date of contract, 1906, Dec. 19th.

"When docketed, 1907, March 2d, 4:15 P. M.

"Name of vendor, National Cash Register Co., Dayton, Ohio.

"Name of vendee, Norfolk City Realty Co., Inc., by John Kevan Peebles, agt., Norfolk, Va.

"Amount due on contract, $1,315.00.

"Description of property, 2-79 D. B. Sp.

2-47. 1-13 Sp.-2.

"Cash register to be C. Keys to be as per attached.

"All arrangement.

"Terms, $650.00 cash, and $663.00 in 6 months.

"Situated at the Lynnhaven Hotel, Norfolk, Va.

"Teste: JAMES V. TREHY, Clerk.

"By E. J. Doran, D. C."

The sole question presented for our consideration is whether or not the docketing or recording of these contracts is such a compliance with section 2462 as to operate as constructive notice to subsequent purchasers for value or encumbrancers. It is not claimed that the receivers of the court had actual notice of the

contracts, or of the lien upon the cash registers in question claimed by appellant.

In the case of *National Cash Register Co.* v. *Burrow and Martin, Trustees, supra,* it was held that contracts of this character, as well as deeds of conveyance of property, when registered or recorded, must, in order to be efficacious as constructive notice to subsequent purchasers or incumbrancers, afford to subsequent purchasers or encumbrancers the means of ascertaining with accuracy what property is conveyed or affected by a lien thereon for the reservation of title thereto by the instrument registered or recorded, and that the language employed in the instrument must be such that if a subsequent purchaser or encumbrancer should examine the instrument itself he would obtain thereby actual notice of all the rights which were intended to be created or conferred by it; and that if the instrument did not contain these essential requisites the registry or recordation thereof would not operate as constructive notice to subsequent purchasers or encumbrancers.

The decision of this court in *Florance* v. *Morien,* 98 Va. 26, 34 S. E. 890, and the reasoning of the opinion in that case, apply with full force to the case here, and so does the case of *Hardaway* v. *Jones,* 100 Va. 481, 41 S. E. 957. See also *Parker* v. *Chase & Buck,* 62 Vt. 206, 20 Atl. 198, 22 Am. St. Rep. 99, which was an action of *trover* for the conversion of six cows; and it was held that while the description of a thing mortgaged in a chattel mortgage may not be sufficient to enable one to identify the property without inquiry, it must indicate the line of inquiry and furnish the basis for identification; and that a mortgage which leaves the designation of the specific property resting exclusively in the minds of the parties fails to meet the fundamental purposes and requirements of the law, that the result cannot be arrived at by applying their testimony to any descriptive matter in the deed; and that such evidence is not in aid of something which requires explanation, but is the supplying of something which is entirely wanting.

An examination of these contracts as recorded will disclose that they fail even to suggest an intelligent inquiry which might be made by a subsequent purchaser or encumbrancer as to what goods or chattels were covered by the contracts, and they certainly fail to afford notice of all the rights which were intended to be created or conferred by them. The appellant appears to have been more anxious to sell and place with purchasers the products of its enterprise than it was prudent and cautious in complying with the plain requirements of our statute, under which and by compliance with which alone can there be a reservation of title to goods or chattels operative against subsequent purchasers of such goods or chattels for value and without notice, or encumbrancers.

We are of opinion that the decree of the circuit court is right, and it is therefore affirmed.

*Affirmed.*