## TILTON v. H. M. WADE MFG. CO.

### In re FLICKINGER'S, Inc.

(Circuit Court of Appeals, Fourth Circuit. October 21, 1924.)

No. 2204.

Sales ⊂=461—Sufficiency of description of property in conditional sale contract; "brief description."

.The description of the property in a conditional sale contract of store fixtures *held* sufficient as to part of the property and insufficient as to other parts, under Code Va. 1919, § 5189, which requires a "brief description," and the rule of the state Supreme Court of Appeals that a description is sufficient if it would enable a stranger to identify the property aided by proper inquiry, such as the instrument itself indicates and directs.

Appeal from the District Court of the United States for the Eastern District of Virginia, at Norfolk, in Bankruptcy; D. Lawrence Groner, Judge.

In the Matter of Flickinger's, Inc., bankrupt. From the decree on petition of the H. M. Wade Manufacturing Company for reclamation of property, John G. Tilton, trustee, appeals. Affirmed.

Frank C. Miller, of Norfolk, Va. (Clyde H. Jacob, of Norfolk, Va., on the brief), for appellant.

E. R. F. Wells, of Norfolk, Va., for appellee.

Before WOODS, WADDILL, and ROSE, Circuit Judges.

WADDILL, Circuit Judge. The appeal in this case involves the validity of a lien for an indebtedness due appellee for certain furniture and fixtures purchased by the bankrupt from the appellee, to be used in its jewelry store at Norfolk, Va., covered by a conditional sale contract.

Appellant insists that the contract purporting to retain title in these fixtures is not sufficient under the provisions of the Virginia state statute, for the reason that the description of the property, the title to which is alleged to have been retained, is indefinite, and does not conform to the requirements of the statute by which a vendor can retain a lien upon property sold under a conditional sale contract.

Under the provisions of section 5189, Code of Virginia 1919 (amending section 2462, Code of 1904), contracts of this character are void as to creditors and purchasers for value without notice "* * * until such sale or contract be evidenced by writing signed by the vendor and the vendee, setting forth the date thereof, the amount due, when and how payable, a brief description of the goods and chattels, and the terms of the reservation or condition, and until and except from the time the writing evidencing such sale or contract is duly admitted to record in the county or corporation in which said goods or chattels may be. * * *"

A contract of the character in question was duly entered into between the parties, covering the property sold, which was regularly admitted to record in the proper court of the city where the same was located, and pursuant thereto the property was delivered to the bankrupt, and was indisputably on the premises and being used for the purpose for which it was bought; and the sole question for determination is whether the conditional sale contract so taken and recorded sufficiently described the property purchased to bring it within the terms of the statute referred to. The description in the conditional sale contract is as follows:

"1–10' jewelry floor case, one lot of wain-

scoting per plan, 2 jewelry wall cases approximately 15' long each, lined with black felt—and all other furniture fixtures and property comprising the jewelry store equipment manufactured by H. M. Wade Manufacturing Company, Charlotte, N. C., and located in the store of the undersigned in Norfolk, Va. These fixtures finished mahogany."

Appellant earnestly insists that this description is not sufficient under the statute, and is not such as to enable any one to distinguish and segregate the property from other property of like character on the bankrupt's premises, or to enable an officer with an execution, or a subsequent purchaser or incumbrancer to distinguish or identify the property, which is urged is the true meaning and intent of the statute.

Testimony was taken before the referee bearing upon the identification of the property, and he adjudged the description insufficient to support the lien. On petition to review this action, the District Court reversed the referee's ruling, and held the description as to a part of the property sufficient, and the lien to that extent valid; and it is as to the correctness of the decision of the court that we have to pass.

The statute under consideration has been frequently reviewed by the Supreme Court of Appeals of Virginia. The leading cases in that court, based upon alleged insufficient descriptions of property, are Florance v. Morien, 98 Va. 26, 34 S. E. 890; Hardaway v. Jones, 100 Va. 481, 41 S. E. 957; Williamson v. Payne, 103 Va. 551, 49 S. E. 660; Monarch Laundry v. Westbrook, 109 Va. 382, 63 S. E. 1070; National Cash Register Co. v. Burrow, 110 Va. 785, 67 S. E. 370; National Cash Register Co. v. Norfolk Realty Co., 110 Va. 791, 796, 67 S. E. 372.

These decisions will be found, on careful examination, to be in substantial accord, and supposed differences in them arise by reason of the discussion of the description of the property involved in each. In this connection, it may be said that the statute as to the description of goods and chattels to be conveyed is somewhat broader than in its other provisions, in this: The requirement as to the date of the contract of sale is positive, likewise the amount due, and where and how payable, and the terms of the reservation or condition upon which the sale is made; but in describing the goods and chattels it in terms provides for a "brief description of the goods and chattels," showing that in the matter of description there should necessarily be some latitude allowed.

In the case of Florance v. Morien, 98 Va. 26, at pages 33 and 34 (34 S. E. 891), supra, the court said:

"The recorded instrument is sufficient to operate as constructive notice under the registry laws if the property be so described or identified that a subsequent purchaser or incumbrancer would have the means of ascertaining with accuracy what and where it was, and the language used be such that, if he should examine the instrument itself, he would obtain thereby actual notice of all the rights which were intended to be created or conferred by it."

In the case of Hardaway v. Jones, 100 Va. 481, at page 483 (41 S. E. 958), supra, the court said:

"It seems to be equally well settled that it is not necessary, in fact, in many cases it is impossible, to so describe the property that it can be identified by the words or names used in the deed by its mere inspection, without the aid of extrinsic evidence. It is, therefore, permissible, and in most cases necessary, to resort to parol evidence to identify the property mentioned in the deed, even where it has been minutely described.

"The general rule upon this subject as stated by the text-writers, and which seems to be sustained by the weight of decided cases, is, that a deed of trust or mortgage conveying chattels, when recorded, is constructive notice to third persons, if the description in the deed or mortgage is such as will enable them to identify the property, aided by the inquiries which the deed or mortgage itself indicates and directs."

In Williamson v. Payne, 103 Va. 551, at page 556 (49 S. E. 662), the court said:

"The written description of personal property in mortgages, taken alone, rarely furnishes strangers adequate means of identifying the property, and information thus imparted must usually be supplemented or aided by extraneous inquiry.

"That would have been equally true in this instance, even though the sex, color, and names of the live stock conveyed had been specified in the deeds. Hence the reasonableness of the rule that a deed is sufficiently definite when it enables a stranger to identify the property aided by proper inquiry such as the instrument itself indicates and directs."

In National Cash Register Co. v. Norfolk Realty Co., 110 Va. at page 796 (67 S. E. 373), supra, the court said:

"The decision of this court in Florance v. Morien, 98 Va. 26, 34 S. E. 890, and the reasoning of the opinion in that case, apply with full force to the case here, and so does the case of Hardaway v. Jones, 100 Va. 481, 41 S. E. 957. See, also, Parker v. Chase & Buck, 62 Vt. 206, 20 Atl. 198, 22 Am. St. Rep. 99, which was an action of trover for the conversion of six cows; and it was held that while the description of a thing mortgaged in a chattel mortgage may not be sufficient to enable one to identify the property without inquiry, it must indicate the line of inquiry and furnish the basis for identification; and that a mortgage which leaves the designation of the specific property resting exclusively in the minds of the parties fails to meet the fundamental purposes and requirements of the law, that the result cannot be arrived at by applying their testimony to any descriptive matter in the deed; and that such evidence is not in aid of something which requires explanation, but is the supplying of something which is entirely wanting."

In the last-named case, the court held the reservation of title invalid, noting that a chattel mortgage, which leaves the identification of the specific property resting exclusively in the minds of the parties, fails to meet the fundamental purpose and requirement of the law. Of course, this defect could not be cured by the introduction of parol evidence, as to do so would furnish information entirely wanting within the paper itself in its most essential feature.

We think a careful comparison of the Virginia decisions make clear that an otherwise properly prepared and recorded chattel mortgage or conditional sale contract with reservation of title is valid, and with a view of determining controversies arising as to the description of the property, parol testimony may be introduced to identify the same; the instrument itself indicating the line of inquiry, and furnishing the basis of such identification.

Counsel for the appellant cite in support of their view the decision of this court in Groner v. Babcock, 267 F. 822. This case involved the amount specified in the contract of reservation, and has but little bearing here.

The learned judge of the District Court took substantially the views herein expressed, stating as follows:

"Evidence was taken in support of the claim, and this evidence discloses the presence of jewelry cases and floor cases answering the description contained in the contract, but it also discloses the further information that there are other jewelry cases and floor cases in all respects identical with those claimed by petitioner and that a stranger could not, by an inspection, determine one from the other. It would seem to follow inevitably from this that, unless the contract itself contains on its face some other descriptive matter, or, as was said in some of the cases, some hint by which the identification could be made, it must be held invalid. The contract, however, does state that the property to which title is reserved is located in the storeroom of the vendee and was 'manufactured by H. M. Wade Manufacturing Company, Charlotte, N. C.' If the use of this language would furnish the necessary information by which the property could be identified, then the lien is valid; and it is shown in evidence that as to one of the cases a brass plate containing the name of the manufacturer is affixed thereto, and that as to the others, including the wainscoting, the factory number of the order job is so affixed. If these numbers or designations had been included in the descriptive language used in the contract, there would have been no contest or question as to the validity of the lien, and it would seem to me equally true that the language as used, by reference to the marks physically attached to the fixtures, furnishes the 'something' required in explanation and the basis of identification.

"What has been said above applies to the floor case and wainscoting and the two jewelry wall cases. As to all else embraced within the terms: 'all other furniture fixtures and property comprising the jewelry store equipment,' my opinion is the language used is too indefinite to furnish even a line of inquiry, and to require, as means of identification, something which is entirely wanting in the writing itself."

We fully concur with the views thus expressed by the trial court, that the alleged lien is valid as to the parts of the property set forth in his opinion, and invalid as to that rejected.

The decree of the District Court is affirmed.

Affirmed.