**In the Matter of Henry FINEMAN, individually and trading as Peoples Meat Market, Bankrupt.**

**In the Matter of LeRoy Henry JACOBS, individually and trading as Jacobs House of Colour, Bankrupt.**

**Nos. 17290, 17405.**

United States District Court
E. D. Virginia, Norfolk Division.

May 7, 1957.

No. 17290:

Dean, Perry, Knight & Dean, Montgomery Knight, Jr., Norfolk, Va., for petitioner, Toledo Scale Co.

David R. Levin, Portsmouth, Va., trustee in bankruptcy.

No. 17405:

J. Hubbard Davis, Norfolk, Va., for petitioner, Burroughs Corp.

P. B. White, Norfolk, Va., trustee in bankruptcy.

HOFFMAN, District Judge.

On petitions for review of orders of the Referee in Bankruptcy denying the validity of liens respectively asserted by Toledo Scale Company and Burroughs Corporation, substantially identical questions are presented for consideration. In each case items of equipment were sold by the corporations seeking the protection of duly recorded conditional sales contracts under § 55–88 of the Code of Virginia, 1950, as amended[1]. The Referee held that the contracts failed to comply with that portion of the statute providing for "a brief description of the goods and chattels", and further declined to permit petitioners to present parol evidence to identify the items involved.

In the Fineman case, Toledo Scale Company and Fineman executed a contract on a standard form provided by the creditor. This form makes no mention of a scale as being the article sold, but the contract in general terms refers to "machines" or "equipment". The name "Toledo Scale Company" appears in a prominent position at the head of the contract. Immediately under the bold type heading "Models and Quantity" appears the following:

| "Quantity | 1 |
| --- | --- |
| Style or Model | 1051A |
| Kind of Equipment | Retailer |
| Chart | H. J. |
| Long neck—open bowl, fish pan, etc. | Platter |
| Voltage | 110 |
| Cycle | 60 |
| Phase | 1 |
| Current | AC" |

While the words "salesman has del. 2004" are also apparent in the contract and 2004 is the correct serial number of the scale sold, it is not urged that this is sufficient to put anyone on notice of the serial number of any item sold. The Referee concluded that the description "Retailer—H.J.—Platter" was insufficient to describe the equipment which was, in fact, a scale. Petitioner sought to introduce parol evidence establishing the use of these words as a means

1. § 55–88 of the Code of Virginia, 1950, as amended, reads as follows:

"Every sale or contract for the sale of goods and chattels, wherein the title thereto or a lien thereon is reserved until the same be paid for, in whole or in part, or the transfer of title is made to depend on any condition, when possession is delivered to the vendee, shall, in respect to such reservation and condition, be void as to creditors of the vendee who acquire a lien upon the goods and as to purchasers from the vendee, for value, without notice, unless such sale or contract be evidenced by writing, signed by the vendor and the vendee, setting forth the date thereof, the amount due, when and how payable, *a brief description of the goods and chattels,* and the terms of the reservation or condition; and unless such writing is filed for docketing with the clerk by whom deeds are admitted to record, as provided by law, of the county or corporation in which such goods and chattels may be; provided, that if such filing for docketing be done within five days from the delivery of the goods and chattels to the vendee, it shall be as valid as to creditors and purchasers as if such filing for docketing had been done on the day of such delivery of the goods and chattels.

"Such clerk shall endorse on every such contract the words 'filed and docketed', together with the day and hour of such filing and shall affix his signature thereto."

of identification in the trade, but this request was refused.

In Jacobs, the Burroughs Corporation presents an even stronger case. The standard form contract reveals the sale of Burroughs (or B–H) equipment as follows:

"Quantity    One

Style and description of machine    90701

Electric Specifications    None

Machine serial numbers    90701–F–85467D"

There is no specific statement that the equipment sold was an adding machine, but the warranty clause in the printed form makes particular mention of adding machines and cash registers. The Referee concluded that there was nothing to indicate the equipment sold was a Burroughs product or an adding machine. Petitioner sought to introduce parol evidence to prove the significance of "90701", which request was denied.

The inclusion of the words "Toledo Scale Company" and "Burroughs" on the several contracts was sufficient to prove a *prima facie* case that the items sold were a product of these corporations. While not conclusive, it is enough to justify the admission of parol evidence to clarify any ambiguity.

Under the Virginia statute, it is said that in order for a description to be adequate it is not necessary for the "brief description" to be sufficient to enable one to identify the property without inquiry, if the contract on its face indicates a line of inquiry and furnishes the basis for identification which a reasonable inquiry would disclose. National Cash Register Co. v. Burrow & Martin, 110 Va. 785, 67 S.E. 370; Tokheim Oil Tank & Pump Co. v. Fentress, 4 Cir., 33 F.2d 730; Tilton v. H. M. Wade Mfg. Co., 4 Cir., 2 F.2d 358, 360.

It is the opinion of this Court that the contract as represented must disclose facts sufficient to put a reasonably intelligent inquirer on notice, thus furnishing him with information leading to the formation of a basis of identification of the property conveyed and its location. In Tilton, supra, the Court said:

"Evidence was taken in support of the claim, and this evidence discloses the presence of jewelry cases and floor cases answering the description contained in the contract but it also discloses the further information that there are other jewelry cases and floor cases in all respects identical with those claimed by petitioner and that a stranger could not, by an inspection, determine one from the other. It would seem to follow inevitably from this that, unless the contract itself contains on its face some other descriptive matter, or, as was said in some of the cases, some hint by which the identification could be made, it must be held invalid. The contract, however, does state that the property to which title is reserved is located in the storeroom of the vendee and was 'manufactured by H. M. Wade Manufacturing Company, Charlotte, N. C.' If the use of this language would furnish the necessary information by which the property could be identified, then the lien is valid; and it is shown in evidence that as to one of the cases a brass plate containing the name of the manufacturer is affixed thereto, and that as to the others, including the wainscoting, the factory number of the order job is so affixed. If these numbers or designations had been included in the descriptive language used in the contract, there would have been no contest or question as to the validity of the lien, and it would seem to me equally true that the language as used, by reference to the marks physically attached to

the fixtures, furnishes the 'something' required in explanation and the basis of identification."

While the Tokheim case, supra, was decided in favor of the trustee in bankruptcy, it is manifestly different in fact from the matters now before the Court. Oil tanks and pumps, referred to in the contract as bearing "decals" or "trademarks" of the vendor but which were not inserted thereon, had serial numbers which were not placed in the contract. In short, while the oil tanks and pumps were easily capable of exact identification, there was no effort to comply with the statute. In the Fineman matter, it is said that the word "Retailer" is a decal appearing on the scale, and in Jacobs the serial number is apparent on the face of the contract.

The authorities are well settled in Virginia in holding that there should necessarily be some latitude allowed as to the requirement of the "brief description of the goods and chattels". Tilton v. H. M. Wade Mfg. Co., supra; Florance v. Morien, 98 Va. 26, 34 S.E. 890; Hardaway v. Jones, 100 Va. 481, 41 S.E. 957; Williamson v. Payne, 103 Va. 551, 49 S.E. 660; National Cash Register v. Burrow & Martin, supra; National Cash Register Co. v. Norfolk City Realty Co., 110 Va. 791, 67 S.E. 372; Newcomb v. Guthrie, 145 Va. 627, 134 S.E. 585. If a more exact description is required, it is for the General Assembly of Virginia to so state.

While the statute of Maryland requiring a "writing designating the goods", Code 1951, art. 95½, § 2(1) (b), is not identical with the law of Virginia, it is significant to note that the omission of the name of the manufacturer and nature of the chattel was held not to be a fatal defect where the serial number and model number were placed in the trust receipt. The Court said, In re Nickulas, 4 Cir., 117 F.Supp. 590, 594;

"Such descriptions have generally been held sufficient where on their face or by satisfactory parol evidence, especially when coming from persons familiar with the particular trade, they can be identified."

Holding that the Referee should have permitted Toledo Scale Company to present parol evidence to establish the significance of the words "Retailer—N.J.—Platter", and assuming that only one scale bearing this identification was the property of the bankrupt, the Referee's order of November 21, 1956, will be vacated and the cause remanded for further proceedings in the Fineman matter.

In the Jacobs matter, the order of the Referee entered on February 18, 1957, will be vacated and the cause remanded for the purpose of permitting Burroughs Corporation to introduce evidence showing the significance of the figures "90701" under the heading "style and description of machine".