Archibald C. Wemple, J.
The facts stated briefly are as follows: One Joseph C. Galietta purchased certain chattels from petitioner’s assignor under a conditional sales contract dated January 12, 1962. The contract contained a reservation of title and right to immediate possession in the event of default and said contract was duly filed in the office of the Clerk of Schenectady County on January 17, 1962. At the time of the execution of said contract Joseph C. Galietta was a resident of the City of Schenectady and the said chattels were located in said city. Respondent is the assignee of a judgment creditor of said Joseph C. Galietta, the judgment having been entered in the office of the Schenectady County Clerk on March 13, 1963 and the assignment recorded in the same office on September 4, 1963. Respondent issued an execution to the Sheriff of the County of Schenectady on September 4, 1963 and the Sheriff acting under said execution placed a padlock on the building wherein said chattels were located in the City of Schenectady. Said Joseph C. Galietta defaulted under the terms of said conditional sales contract in making payment due on July 12, 1963 and petitioner declared the full amount due and payable and itself in possession of said chattels.
Two issues are presented by the moving papers in this proceeding. One issue questions the validity of the filing of the conditional sales contract pursuant to the Personal Property Law. The second is as to the adequacy of the description contained in said conditional sales contract as filed. Respondent contends that said contract was not filed as required by section 66 of the Personal Property Law and therefore petitioner’s title must fail. As indicated above, the contract in question was filed in the office of the Schenectady County Clerk. Respondent contends that the Personal Property Law requires that said contract must be filed in the office of the city or town clerk in the city or town in which the buyer resides, if he resides in the State at the time of the execution thereof. There is no dispute that at the time of the execution of said contract the purchaser resided in the City of Schenectady.
Section 66 of the Personal Property Law provides, in part: “ Every * * * conditional sales contract or a copy thereof * * * must be filed in the office of the city or town clerk in the city or town in which the buyer resides, if he resides within the state at the time of the execution thereof ’ ’. It further provides that: “where there is a recording officer’s office in such city or town or borough of a city outside of the county of Nassau in which such conditional sales contract or copy thereof is required to be filed as aforesaid, such conditional sales con *339 tract or copy thereof must he filed in such recording officer’s office ”, Section 61 of the Personal Property Law defines a “ recording officer ” to be the County Clerk of the county. In the application of the above sections of the Personal Property Law to the present controversy this court holds that the conditional sales contract in question was quite properly recorded in the office of the Schenectady County Clerk.
As to the second issue presented, the court finds that the description contained in said conditional sales contract is quite obviously general. Where machinery or appliances are described, there are no serial numbers set forth. In the exercise of ordinary business practice, one would expect to find specific detail employed as a means of describing the articles.
The purpose of recording of conditional sales contracts is to put persons dealing with the property on notice as to the vendor’s rights. This court is unable to find controlling precedent in the State of New York but the great weight of authority applies the same general rule in chattel mortgage and conditional sales contracts as follows: “ If the description given in the recorded instrument is sufficient to suggest a course of inquiry concerning the property it is not necessary that the property should be capable of identification from the terms of the instrument itself, but the purchaser will be charged with notice of the extrinsic or parol facts ascertainable by pursuing such inquiry; and if such inquiry would naturally lead to identification of the property, the description is sufficient ”. (Tilton v. Wade Mfg. Co., 2 F. 2d 358; Tokheim Oil Tank & Pump Co. v. Fentress, 33 F. 2d 730; Matter of Fineman, 150 F. Supp. 875; Rogers v. Whitney, 91 Vt. 79 ; Kammeier v. Chauvet, 186 Iowa 958.)
The conditional sales contract herein describes the personal property in general terms but it does give the date of purchase as January 12, 1962 and provides that said personal property is to be kept at 207-209 Broadway, Schenectady, New York. This alone certainly suggests a course of inquiry which would naturally lead to identification of the property. Even though the description in the conditional sales contract in question leaves a great deal to be desired, the court is unable to hold the description herein insufficient as a matter of law to give constructive notice of the rights of the conditional seller’s assignee to a judgment creditor or his assigned, both assignees having acquired by their respective assignments only those rights which their assignors possessed at the time of assignment.
Under the circumstances the application of the petitioner herein is granted, without costs, and a judgment is hereby granted declaring title to the personal property which is the *340 subject of the conditional sales contract, to be in the petitioner which is entitled to immediate possession thereof and the levy of the Sheriff of the County of Schenectady pursuant to the execution issued on a judgment of the respondent against the property of Joseph 0. Galietta on September 4, 1963, is void insofar as it affects said personal property.