# Wytheville.

## Gump Investment Company v. W. M. Jackson.

June 25, 1925.

Absent, West and Campbell, JJ.

1. Automobiles—*Conditional Sale—Notice of Lien—Second Hand Cars.*— The very fact that an automobile is second hand is sufficient to put a purchaser on notice as to possible recorded liens.

2. Automobiles—*Liens—Duty of Lienor—Retention of Car by Dealer.*— Some duty, at least, rests upon an individual, corporate or otherwise, who finances a retail dealer to see to it that cars upon which he has a lien are not left under the domain and control of such dealer on his salesroom floor to be offered to the public.

3. Automobiles—*Liens—Duty of Purchaser to Examine Records—New Car.*—A person going into the place of business of a retail automobile dealer, and purchasing a new car, commingled with the stock for sale, from the showroom of such dealer, without any actual knowledge that there is a lien upon such car, and who pays the full purchase price, and to whom the car is delivered, is ordinarily under no obligation to examine the records to ascertain whether there is a lien upon such car.

4. Automobiles—*Conditional Sale—Purchase from Dealer—Case at Bar.*— A dealer in automobiles made a pretended sale to one S. Complainant, whose business was financing automobile dealers, purchased the note of S. from the dealer and the contract securing the same, which was duly recorded. Three monthly installments were paid complainant on the note. Defendant proved that he purchased the automobile from the dealer for cash; that the car was new; that it was on display in the sales room of the dealer; that there were no license tags on it other than dealer's tags; and that there had been no delivery of the car to S. Complainant had no notice of the sale to defendant, and defendant had no actual notice of complainant's lien.

*Held:* That defendant was entitled to the car free of the lien of complainant, notwithstanding the fact that complainant had no notice that the dealer had retained the car.

Appeal from a decree of the Circuit Court of Washington county. Decree for defendant. Complainant appeals.

*Affirmed.*

The opinion states the case.

*D. T. Stant* and *J. L. Stern*, for the appellant.

*Honaker & Thompson*, for the appellee.

·CHICHESTER, J., delivered the opinion of the court.

The sole question for decision in this case is whether the appellee, W. N. Jackson, or the appellant, the Gump Investment Company, has superior title to a certain Dodge coupe, the former claiming title by purchase on August 18, 1922, from the Joe S. Kite Company, Inc., a retail dealer in automobiles, doing business in Bristol, Va., and the latter claiming title by virtue of an assignment by the Joe S. Kite Company of a reservation of title contract covering the same Dodge coupe, and the notes aggregating $783.30 for the deferred payments, all purporting to be signed by one Mrs. R. T. Sutton, dated June 15, 1922; the contract being docketed in Bristol, Va.

On March 29, 1923, the Gump Investment Company filed its bill against Mrs. R. T. Sutton and W. N. Jackson, setting up its lien, and praying that it be enforced, the Dodge coupe sold, and the proceeds applied to the payment of the notes. W. N. Jackson answered, claiming that he had title to the car by purchase for cash from the Kite Company, a retail dealer in Dodge automobiles, without actual notice of the lien of the Gump Company.

There is no material dispute about the facts, and the question for decision here is therefore one of law based upon facts practically agreed.

To maintain the issue on its part the Gump Company proved that its business was that of financing automobile dealers; that it purchased the note of $783.30, signed by Mrs. Sutton, and the contract securing same, from the Kite Company on the day it was made, and paid the Kite Company therefor on August 18, 1922; that the contract was duly recorded; that three monthly instalments of $65.28 each were paid on the note, and there was a balance due of $587.47; that in December, 1922, it received notice from R. J. Sutton that the car had been sold to W. N. Jackson; and that this was the first notice it had of the sale to Jackson.

W. N. Jackson, to maintain the issue on his part, proved that on the 9th of August, 1922, he began negotiations with the Kite Company, a retail dealer selling Dodge automobiles, through their salesman, R. T. Sutton, for a Dodge touring car, and made a deposit of $71.00 on account of the purchase price; that on the 18th of the same month he called on the Kite Company, and the touring car he had ordered on the 9th not having arrived, after some further negotiations with the same R. T. Sutton, he purchased the Dodge coupe in question here, and paid $1,250.00 cash for it; that the coupe was new, was on display in the sales room of the Kite Company with other cars in stock; that there were no license tags on the car, or if any they were dealer's tags; that Sutton told Jackson that Kite Company did not want to sell the coupe, because it was the first Dodge coupe that had come to Bristol and they wanted to keep it for demonstration. He further proved that Sutton was employed as sales-

man by the Kite Company; that there was never any delivery of the car to Mrs. Sutton, but that it was retained in the show and sales room of Kite Company, mixed with their stock in trade, and that, if the car had been used at all, it was only once or twice in demonstration; that he had no notice of the Gump Company lien, and that the Kite Company, instead of satisfying this lien by payment to the Gump Company out of the cash purchase price paid by Jackson, kept the $1,250.00 and paid Sutton $68.28 monthly for three months, which he in turn paid over to the Gump Company; that the Kite Company at this time became an involuntary bankrupt; and that Sutton and his wife were and are insolvent.

The learned chancellor who tried the cause decreed that Jackson was entitled to the Dodge coupe, free of the lien of the Gump Company, and dismissed the bill. From that decree an appeal was allowed to this court.

The contention of the appellant (Gump Investment Company) here is, that the case of *Rudolph* v. *Farmers' Supply Co.*, 131 Va. 305, 108 S. E. 638, is controlling in this case.

The contention of the appellee (W. N. Jackson) is that the instant case is controlled by the case of *Boice* v. *Finance & Guaranty Corp.*, 127 Va. 563, 102 S. E. 591, 10 A. L. R. 654, and the case of *O'Neil* v. *Cheatwood*, 127 Va. 96, 102 S. E. 596, which was decided upon practically the same principle which controlled in the *Boice Case.*

[1] In the *Rudolph Case* the plaintiff sold an automobile on time payments, by written contract reserving title and duly docketed. Thereafter, without knowledge of plaintiff, the purchaser sold the automobile to a dealer in second hand automobiles, who placed it in his stock, and afterwards sold it to defendant, a *bona*

*fide* purchaser for value.   It was held that the plaintiff was entitled to recover, because he was not aware of the subsequent sale to the dealer and did not stand by and permit the dealer to place the car in his sales room and offer it to the public.   It might well have been added that the very fact that the car was second hand was sufficient to put the purchaser on notice as to possible recorded liens.

The instant case is distinguished from the *Rudolph Case* in two important respects.   One is, that the Dodge coupe in question was not only never delivered to the alleged purchaser, Mrs. R. T. Sutton, whose note the Gump Investment Company held for the balance of the purchase price, or to any one for her, but on the contrary was kept under the control and dominion of the Kite Company, on its sales room floor, mixed with other stock.   The second is, that the Dodge coupe was a new car, standing on the sales room floor of a dealer in new cars.

It is true that the Gump Investment Company cannot be said to have stood by and to have permitted the Kite Company to place the car in its sales room and offer it for sale to the public, and that the rule of estoppel, therefore, does not apply, as it was held not to apply (and for the same reason) in the *Rudolph Case.* But we think the differences pointed out above distinguish the instant case from the *Rudolph Case* and render the principle upon which that case rests inapplicable here.

It would, of course, follow that the leading principle upon which the *Boice Case, supra*, rests is inapplicable here, because the Gump Company had no knowledge that the Kite Company had retained the car in its possession and under its control.   On the contrary, as far as it was advised, it had been sold and delivered to

Mrs. Sutton. But there are certain conclusions which inevitably arise from and grow out of the *Boice Case* which, we think, control the instant case.

[2] One conclusion· is that some duty, at least, rests upon an individual, corporate or otherwise, who finances a retail dealer, to see to it that cars upon which he has a lien are not left under the domain and control of such dealer on his sales room floor, to be offered to the public. The business of the Gump Investment Company was to finance retail automobile dealers, and it did finance them for a profit. It assumed some risk both as to the moral and financial standing of every dealer it financed. It took a risk as to the hazard for a profit. This is the status of the Gump Investment Company in this case.

[3] Another conclusion is that a person going into the place of business of a retail automobile dealer and purchasing a new car, commingled with the stock for sale, from the show room of such dealer, without any actual knowledge that there is a lien upon such car, and who pays the full purchase price, and to whom the car is delivered, is ordinarily under no obligation to examine the records to ascertain whether there is a lien upon such car. This is the status of W. N. Jackson in the instant case.

It follows, we think, that while both parties to this controversy may be regarded as innocent, they are not equally innocent, and therefore their equities are not equal.

[4] The loss in this case is the result of the flagrant fraud of the Kite Company, assisted by Sutton. Apparently, a pretended sale was made to Mrs. Sutton, financed by the Gump Company. The car was never delivered to Mrs. Sutton, but remained in the sales room of the Kite Company and was sold as a new car

to Jackson, who paid in full for it.  The Kite Company collected this purchase money, and instead of paying the balance due the Gump Company to it and releasing the lien, the Kite Company kept the whole amount.  Who should be the victim of this fraud, the Gump Company or W. N. Jackson?  To ask the question is to answer it.

Our attention was called to the general rule that a vendor can convey no greater right or title than he has. The general rule is conceded, but this court held in *Boice* v. *Finance & Guaranty Co., supra,* that it had no application to the facts of that case, and it has none here.

*Affirmed.*