# Wytheville.

## WARNER MOORE v. HERMITAGE REALTY INVESTMENT CORPORATION.

### June 17, 1926.

1. BILLS, NOTES AND CHECKS—*Pledge and Collateral Security—Interest, Costs and Storage Charges—Case at Bar.*—In the instant case, an action of detinue for an automobile, plaintiff knew when he took title to the automobile that it was on storage in defendant's warehouse as security for the payment of a note of $3,000 held by the defendant. Plaintiff was an endorser upon this note. The note contained a provision whereby the makers and endorsers agreed to pay the costs of collection and an attorney's fee in case payment should not be made at maturity. At maturity, in consideration of an extension of ninety days in which to pay the attorney's fee, the protest fees and the interest on the note, the owner of the car entered into a written agreement with defendant, pledging the car in question which was the only car then remaining in the warehouse. A check for $3,000 was given defendant's attorney in settlement of the face of the note and the note was marked paid and surrendered. The contention of plaintiff was that the note for $3,000 upon which he was endorser could not be paid and surrendered without releasing all endorsers thereon and all security held therefor, and the attempt when made to repledge the automobile without plaintiff's authority or consent did not create a lien upon the car.

   *Held:* That defendant had a valid lien on the car for the attorney's fee, protest fees, interest and storage charges and plaintiff could not recover.

2. WAREHOUSES AND WAREHOUSEMEN—*Warehousemen's Lien.*—Under sections 1316, 1320 of the Code of 1919, a warehouseman has a lien on goods deposited with him for all lawful charges. In the instant case, an action of detinue for an automobile, defendant, a warehouseman, held the automobile as security for a note.

   *Held:* That upon payment and surrender of the note, defendant still had a lien for the storage charges.

3. PLEDGE AND COLLATERAL SECURITY—*Liability of Pledgee in Detinue.*—A pledgee is not liable in detinue to the owner of the pledged property until the amount secured by the pledge has been paid, or the lien

of the pledge had otherwise been discharged, unless he waives tender of payment.

4. Bills, Notes and Checks—*Pledge and Collateral Security—Interest, Costs and Storage Charges—Case at Bar.*—An automobile was stored by the owner in the warehouse of defendant as security for the payment of the $3,000 note and costs of collection in case the note was not paid at maturity; neither the interest which accrued on the note, the protest fee, nor the attorney's fee advanced by the defendant had been paid, nor the sum due defendant as storage charges on the car, when plaintiff instituted his action of detinue to recover the car.

*Held:* That defendant had a valid lien upon the car for all these amounts until paid or waived and plaintiff, or assignee, was not entitled to recover the car from defendant.

5. Appeal and Error—*Error in Instructions—Harmless Error—Where Jury Could Have Found no Other Verdict.*—Where, under the law and facts of the case, the jury could not have properly found a verdict different from the one they returned, error in the instructions is harmless.

6. Pledge and Collateral Security—*Purchase with Knowledge of Pledge—Case at Bar.*—In the instant case, an action of detinue for an automobile, plaintiff knew that defendant held a valid lien on the automobile in question when plaintiff accepted it as security, and failed to give defendant notice, actual or constructive, that he claimed to be the owner of the car until after a new agreement had been entered into between the owner of the car and the defendant, with the honest belief that the car was still the property of the former owner.

*Held:* That plaintiff could not recover the car from defendant until the terms of this agreement had been complied with.

7. Estoppel—*Silence.*—Where one by his silence has brought about a situation by which either he or an innocent their party must suffer a loss, the law will place the burden upon him who is responsible for that situation.

8. Maxims—*Parties Equally Innocent.*—Where one of two equally innocent parties must suffer, he whose conduct caused the loss must bear the burden.

Error to a judgment of the Law and Equity Court, Part 2, of the city of Richmond. Judgment for defendant. Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*S. S. P. Patteson* and *O. R. Cunningham*, for the plaintiff in error.

*Moss & Evans*, for the defendant in error.

WEST, J., delivered the opinion of the court.

Warner Moore sued Hermitage Realty Investment Corporation in detinue to recover a green Kline car automobile, motor number 8R2827. There was a verdict and judgment for the defendant. Moore complains of that judgment.

The Kline Car Corporation was engaged in the manufacture and sale of Kline cars. Warner Moore and J. A. Kline were president and vice-president, respectively, of the corporation.

The Kline Car Corporation stored six Kline cars owned by it in the warehouse of the Hermitage Realty Investment Corporation, the defendant, as collateral security for the payment of a note for $3,000 held by the defendant, dated September 21, 1923, and payable sixty days after date. The note was signed by Grace Street Motors, Incorporated, and endorsed by the Kline Car Corporation, Warner Moore and others. The note contained a provision whereby the makers and endorsers agreed to pay the costs of collection, or an attorney's fee in case payment should not be made at maturity. After the six cars had been so pledged as security, Warner Moore, the plaintiff, knowing that they had been so pledged, loaned the Kline Car Corporation $900 upon the note of the corporation, payable on demand, for which one of the six cars, a green car, motor number 8R2827, was pledged as security. The note was protested for non-payment on November 23, 1925, and placed in the hands of Charles W. Moss, attorney for the defendant, for collection.

On December 22, 1923, attorney Moss held a conference with G. F. Sauer, Jr., assistant to the president of the defendant corporation, J. A. Kline, vice-president and general manager, and W. H. Warren, treasurer of the Kline Car Corporation, and W. B. Vaden, president of the Supreme Motors Finance Corporation, payee and endorser on the note for $3,000. Moss agreed to reduce his ten per cent. attorney's fee for collecting the $3,000 note from $300 to $240. In consideration of an extension of ninety days to Supreme Motors Finance Corporation in which to pay the $240 attorney's fee, the protest fees, and the interest on the note, aggregating $256.10, the Kline Car Corporation entered into a written agreement with the defendant pledging the green Kline car, which was the only car then remaining in the warehouse, as security for the said sum of $256.10.

Richmond Kline Company, Incorporated, whose corporate name was formerly Supreme Motors Finance Corporation, gave Moss a check for $3,000 in settlement of the face of the note, and the defendant paid him the $240 fee and held the car for the payment of the attorney's fee, interest, costs, and storage charges on the car.

The $3,000 note was marked paid and surrendered.

It appears without contradiction that the attorney's fee paid was $240, that the interest due upon the $3,000 note for twenty-nine days amounted to $14.50, the protest fees $2.10, and that the sum of $71.25 was due the defendant as a warehouseman for storage charges on the green car.

Moore knew when he took the title to the green car that it was on storage in defendant's warehouse as security for a loan, along with five other Kline cars. He admits that he never gave notice to the defendant

of his claim of ownership of the green car until after the $3,000 was paid on the note and the new agreement entered into. The defendant corporation did not know until after the new agreement was entered into that Moore claimed title to the car.

J. A. Kline as vice-president and general manager of Kline Car Corporation had transacted practically all of its business with the defendant, and had made loans on behalf of the corporation with the defendant.

[1] The petitioner assigns as error the action of the court in giving two certain instructions and in refusing to set aside the verdict of the jury as contrary to the law and the evidence.

These instructions were granted at the request of the defendant and are all the instructions which were asked for or given in the case. They read as follows:

"(a) The court instructs the jury that if they believe that when the automobile in question was deposited with defendant by Kline Car Corporation, that the depositor had authority to so deposit it, then the defendant has a lien on the automobile for all lawful claims for money advanced, interest and other charges and expenses in relation to the said automobile, and defendant is acting within its legal rights in withholding the automobile from the plaintiff until such time as said charges are fully paid.

"(b) The court instructs the jury that if they believe that the Hermitage Realty Investment Corporation had a lien on the automobile in question as against Warner Moore, plaintiff, in this case, that then the defendant had a right to refuse to deliver the automobile to the plaintiff until the lien was satisfied."

The contention of the petitioner is that the note for $3,000, upon which he was an endorser, could not be paid and surrendered without releasing all en-

dorsers thereon and all security held therefor, and that the attempt then made to repledge the green car without plaintiff's authority or consent did not create a lien upon said car.

It appears without contradiction that the green car was stored in the warehouse of the defendant along with five other cars, by the Kline Car Corporation, its then owner, as security for the $3,000 note, including the attorney's fees provided for therein.

[2] It is true that when the $3,000 was paid the note was marked paid and surrendered; but the fact that the holder of the note required an agreement specifically pledging the green car as collateral security for the payment of the interest and costs and the fee which it had paid attorney Moss, shows that the parties did not intend the payment of the $3,000 to be in full settlement of the entire obligation and a release of the security pledged. Besides the defendant was entitled, under the law, to hold the car until storage charges due thereon were paid. Virginia Code, 1919, sections 1316 and 1320, read as follows:

Sec. 1316. *"What Claims are Included in the Warehouseman's Lien.*—Subject to the provisions of section thirteen hundred and nineteen, a warehouseman shall have a lien on goods deposited or on the proceeds thereof in his hands, for all lawful charges for storage and preservation of the goods; also for all lawful claims for money advanced, interest, insurance, transportation, labor, weighing, coopering and other charges and expenses in relation to such goods; also for all reasonable charges and expenses for notice, and advertisements of sale, and for sale of the goods where default has been made in satisfying the warehouseman's lien."

Sec. 1320. *"Warehouseman need not Deliver until Lien is Satisfied.*—A warehouseman having a lien valid

against the person demanding the goods may refuse to deliver the goods to him until the lien is satisfied."

[3] In 18 C. J., section 35, page 1004, we find this: "A pledgee is not liable in detinue to the owner of the pledged property until the amount secured by the pledge has been paid, or the lien of the pledge had otherwise been discharged, unless he waives tender of payment."

In 6 C. J., section 187, page 1169, the law is stated thus: "Where the bailee has a lien upon the property for his charges, a tender of the amount due is a condition precedent before an action in detinue may be brought against him by a party claiming adversely to the bailor."

[4] Briefly stated, this is the case: The green car was the property of the Kline Car Corporation when it was stored by that corporation in the warehouse of Hermitage Realty Investment Corporation as security for the payment of the $3,000 note and costs of collection, in case the note was not paid at maturity; neither the interest which accrued on the note, the protest fee, nor the attorney's fee advanced by the defendant, has been paid; nor the sum of $71.25 due the defendant corporation as storage charges on the car in question.

[5] There was a valid lien, under the law, on this car for all of these amounts. Until they were all paid or waived (and it is not contended that the storage charges have been paid, or waived), the plaintiff was not entitled to recover the car from the defendant. Under the law and the facts in this case, the jury could not have properly found a verdict different from the one they returned. It follows that the plaintiff could not have been prejudiced by the court's action in failing to give, or in giving, instructions. We find no error in the instructions, but if there be error in them, it is harmless.

[6, 7] Besides, Moore knew that the defendant held a valid lien on the green car when he accepted it as security, and failed to give the defendant notice, actual or constructive, that he claimed to be the owner thereof until after the new agreement had been entered into between the Kline Corporation and the defendant corporation. The defendant had dealt with the Kline Corporation as owner of the car, in the first instance, and, on account of Moore's silence, entered into the second agreement with it in the honest belief that the car was still the property of that corporation. Moore, by his silence, having brought about a situation by which either he or an innocent third party must suffer a loss, the law will place the burden upon him who is responsible for that situation.

[8] If it could be said that Moore was also innocent, still he must lose; since where one of two equally innocent parties must suffer, he whose conduct caused the loss must bear the burden. *Boice* v. *Finance & Guaranty Corp.*, 127 Va. 571, 102 S. E. 591, 10 A. L. R. 654; *Gump Inv. Co.* v. *Jackson*, 142 Va. 190, 128 S. E. 506.

The judgment is plainly right and will be affirmed.

*Affirmed.*