Syllabus.

## Staunton.

### F. E. NEWCOMB v. C. W. GUTHRIE, L. E. SPANGLER, S. L. NEWCOMB AND JAMES P. HART, TRUSTEE.

September 23, 1926.

1. CONDITIONAL SALES—*Validity—Recording—Common Law.*—At common law a parol, or unrecorded written, contract for the sale of chattels on condition that the title should not pass to the vendee until the purchase money was fully paid, where possession was delivered to the vendee, was valid, as against creditors of and purchasers from the vendee, with or without notice.

2. CONDITIONAL SALES—*Virginia Conditional Sales Statute—Rights of the Parties between Themselves.*—The Virginia conditional sales statute (Code of 1924, section 5189) does not alter the rights of the vendor and vendee as between themselves. The failure to make the form of the contract conform to the requirements of the statute, or the failure to have the same docketed, only avoids the contract as to the lien creditors of, or purchasers for value and without notice from, the vendee.

3. CONDITIONAL SALES—*Virginia Conditional Sales Statute—Contents of Contract.*—The Virginia conditional sales statute (Code of 1924, section 5189) provides that the written contract which is required to be delivered to the clerk to be docketed shall contain every fact which the clerk must know to properly docket the same. It must be dated and must show the names of the vendor and vendee, the amount due, when and how payable, a brief description of the goods and chattels, and the terms of the reservation or condition.

4. CONDITIONAL SALES—*Virginia Conditional Sales Statute—Contract Showing Time of Payment—Case at Bar.*—In the instant case, an appeal from a decree refusing to enforce a conditional sales contract, it was contended that the contract recorded did not show the dates of future purchase money payments as required by section 5189 of the Code of 1924. The contract stated that the title should remain vested in the vendor until payment in full of the purchase money, evidenced by three interest bearing notes payable "thirty, sixty and ninety days from date." The contract was dated August 1, 1923. The notes were not made a part of the contract nor attached thereto, yet they were shown in evidence and were dated August 1, 1923,

the date of the contract, and payable "thirty, sixty and ninety days from date."

*Held:* That there being no other date mentioned in the contract, the language quoted manifestly meant thirty, sixty and ninety days "from date" of the contract; and that the contract was legally docketed under the statute.

5. CONDITIONAL SALES—*Virginia Conditional Sales Statute—Conditional Sales Contract io be Liberally Construed.*—The Virginia conditional sales statute (Code of 1924, section 5189) provides that the contract which is required to be delivered to the clerk to be docketed shall contain every fact which the clerk must know to properly docket the same.

*Held:* That the contract should be liberally construed in determining whether or not it complies with the statute in this respect.

6. CONDITIONAL SALES—*Virginia Conditional Sales Statute—"Lien Creditors."*—"Lien creditors," as used in the Virginia conditional sales statute (Code of 1924, section 5189), include only those creditors of the vendee who acquired their liens prior to the recordation of the conditional sales contract.

7. CONDITIONAL SALES—*Shifting Stock of Goods—Fixtures—Case at Bar.*—In the instant case the vendor sold and delivered a stock of goods and store fixtures to the purchasers and undertook to secure the payment of the purchase money by reserving the title to the property until the same was paid in full. By necessary implication the vendee had the right to dispose of the goods in due course of business, and from time to time to replenish his stock by the purchase of new goods.

*Held:* That the lien which the vendor attempted to reserve to secure the unpaid purchase price was void as to the stock of merchandise but valid as to the fixtures.

8. CONDITIONAL SALES—*Stock of Merchandise—Traders' Act.*—There being no valid lien on a stock of merchandise, by virtue of a conditional sales contract, it is clearly liable for all the debts of its purchasers under the provisions of the Virginia traders' act, section 5224, Code of 1919.

Appeal from a decree of the Law and Chancery Court of the city of Roanoke. Decree for defendants. Complainant assigns error.

*Reversed and remanded.*

The opinion states the case.

*J. E. Palmer* and *Hoge & Darnall,* for the appellant.

*Jas. P. Hart* and *Poindexter & Poindexter,* for the appellee.

WEST, J., delivered the opinion of the court.

This is an appeal from a decree refusing to enforce a conditional sales contract.

On August 1, 1923, F. E. Newcomb sold to C. W. Guthrie and L. E. Spangler his entire stock of merchandise and fixtures located at No. 1616 3rd Ave., N. W., Roanoke, Virginia, for $2,463.58, reserving title to the property by a conditional sales contract until the purchase money should be fully paid. He took from the purchasers as collateral to the contract three notes dated August 1, 1923, for the sum of $821.16 each, payable to his order, thirty, sixty and ninety days from date, respectively. The merchandise and fixtures so sold are described in the contract as follows:

"All groceries, dry goods and notions in stock at No. 1616 3rd Ave., N. W.

"6 Glass show cases; 2 pair of Toledo scales; 1 Howe refrigerator; 1 slicing machine; 1 McCaskey register; 1 American combination adding machine and cash register; 1 cheese cutter; 2 paper cutters; 1 (60) gallon oil tank; 1 cake rack; 1 meat block; 5 meat tools; 1 steel safe; 1 Ford truck, engine No. 5073549."

That part of the contract which refers to the unpaid purchase money provides that the title shall remain vested in the party of the first part, "until the payment in full of the sum of $2,463.58, which amount is unpaid on the purchase price * * * and evidenced by (3) interest bearing negotiable notes for the sum of $821.16 each, signed by C. W. Guthrie and L. E. Spangler and

payable to F. E. Newcomb thirty, sixty and ninety days from date, said amount being the balance of purchase price of the said goods and merchandise and fixtures."

The contract further provides that if default be made in the payment of the notes or any part thereof, at maturity, Newcomb may without process of law take possession of the goods and chattels, sell the same at public auction, after advertising as provided in the contract, and pay the costs and expenses incident thereto, the amount due and owing on the purchase price to Newcomb and the balance, if any, to the parties of the second part.

On August 17, 1923, this contract was docketed and recorded in the conditional sales book, in the clerk's office of the Corporation Court of the city of Roanoke, Virginia.

In September, 1923, the obligors defaulted in the payment of the first note at maturity, and informed Newcomb they were unable to pay the notes, and voluntarily delivered to him the possession of the merchandise and fixtures and the keys to the store building. Subsequent to the docketing of the conditional sales contract, but before the possession of the property was delivered to F. E. Newcomb, Guthrie and Spangler conveyed to James P. Hart, trustee, the fixtures to secure S. L. Newcomb a loan of $500. On October 20, 1923, F. E. Newcomb advertised the property for sale, in accordance with the terms of the contract. On October 25, 1923, C. W. Guthrie, surviving partner of himself and L. E. Spangler, formerly trading as Guthrie & Spangler, disregarding the fact that he had delivered the merchandise and fixtures to F. E. Newcomb in settlement of the balance due upon the purchase money, executed a deed of assignment to James P. Hart, trustee, conveying all the stock of merchandise, fixtures, open accounts, bills

receivable and other assets used by them in the conduct of the business at 1616 Third avenue, in trust to secure the payment of all debts due by Guthrie & Spangler.

On November 10, 1923, F. E. Newcomb filed his original bill against the above named defendants for the enforcement of the conditional sales contract. Later he filed his amended and supplemental bill. The defendants demurred and answered, and the deposition of F. E. Newcomb was taken and filed on behalf of the complainant.

By authority of a decree of July 25, 1924, James P. Hart, trustee, sold the tangible personal property conveyed to him, and now holds, subject to the order of the court, the net balance of the proceeds of the sale, amounting to about $1,200.

On January 14, 1925, the general creditors of Guthrie & Spangler filed their joint and separate petition, praying that their claim against Guthrie & Spangler, due by open accounts, be paid out of the funds under the control of the court. On November 4, 1925, upon the final hearing, the court adjudged that complainant was not entitled to the relief prayed for, and dismissed the bill at his cost. This decree is before us for review.

The conditional sales statute applicable to this case reads in part as follows: "Every sale or contract for the sale of goods and chattels, wherein the title thereto, or a lien thereon, is reserved, until the same be paid for, in whole or in part, or the transfer of title is made to depend on any condition, where possession is delivered to the vendee, shall, in respect to such reservation and condition, be void as to creditors of the vendee *who acquire a lien* upon the goods and as to purchasers from the vendee, for value, without notice, from such vendee unless such sale or contract be evidenced by writing, signed by the vendor and the vendee, setting forth the date there-

of, the amount due, when and how payable, a brief description of the goods and chattels, and the terms of the reservation or condition; and unless said writing is filed for docketing with the clerk of the county or corporation, where deeds are admitted to record, as provided by law, in which said goods and chattels may be  *  *  *." Va. Code, 1924 (Michie), sec. 5189. (Italics ours.)

[1] At common law a parol, or unrecorded written, contract for the sale of chattels on condition that the title should not pass to the vendee until the purchase money was fully paid, where possession was delivered to the vendee, was valid, as against creditors of and purchasers from the vendee, with or without notice. *Mc-Comb* v. *Donald's Admr.*, 82 Va. 905, 5 S. E. 558; *O. D. Steamship Co.* v. *Burckhart*, 31 Gratt. (72 Va.) 664.

[2] The statute does not alter the rights of the vendor and vendee as between themselves. The failure to make the form of the contract conform to the requirements of the statute, or the failure to have the same docketed, only avoids the contract as to the *lien* creditors of, or purchasers for value and without notice from, the vendee.

[3] The statute provides that the written contract which is required to be delivered to the clerk to be docketed shall contain every fact which the clerk must know to properly docket the same. It must be dated and must show the names of the vendor and vendee, the amount due, when and how payable, a brief description of the goods and chattels, and the terms of the reservation or condition. *National Cash Register* v. *Burrow & Martin*, 110 Va. 787, 69 S. E. 370.

[4, 5] It is contended that the contract does not contain these essential facts, and is therefore inherently incapable of being docketed, for the reason that it does

not designate any definite dates when the notes at thirty, sixty and ninety days would become due.

With this contention we cannot concur. The contract should be liberally construed. *Liquid C. Co.* v. *Whitehead*, 115 Va. 586, 80 S. E. 104. It says the debt is evidenced by three interest bearing notes, "payable to F. E. Newcomb thirty, sixty and ninety days from date." The contract being dated August 1, 1923, and there being no other date mentioned therein, the language quoted manifestly means thirty, sixty and ninety days "from date" of the contract. The notes were not made a part of the contract nor attached thereto, yet they are shown in evidence and are dated August 1, 1923, the date of the contract, and payable thirty, sixty and ninety days from date.

*National Cash Register* v. *Burrow & Martin, supra,* relied on by appellees, is not controlling here. In that case it appears from the contract that the notes given for the deferred payments were payable in monthly installments after the maturity of the first note, and authorized the purchaser to date the first note at such time as he might elect, and to insert the date before or after the execution of the note. What Judge Cardwell said about the necessity of setting out the notes in the contract, or attaching them thereto as a part thereof, had reference to "the contract" in that case, and has no application where, as in the instant case, all the facts necessary for properly docketing the contract are contained therein.

[6] It follows that the contract was legally docketed under the statute. The words, "lien creditors," as used in the statute, include only those creditors of the vendees who acquired their liens prior to the recordation of the conditional sales contract.

The contract being sufficient in form, and having been duly and legally docketed, was notice to James P. Hart,

trustee in the two deeds of trust above mentioned and to the creditors whose debts were secured by those deeds, of the fact that the title to the property mentioned in the contract had never vested in Guthrie & Spangler, the grantors in said deeds. If it be assumed that a vendor can reserve a valid lien on a shifting stock of goods, which he puts into the hands of his vendee, with power to continue the business, it follows that Newcomb's claim against the property mentioned in the conditional sales contract has priority over the claims of the other creditors of Guthrie & Spangler.

But it is contended that a vendor cannot reserve a lien or mortgage on a shifting stock of goods, citing *Boice* v. *Finance and Guaranty Corporation*, 127 Va. 569, 102 S. E. 591, 10 A. L. R. 654.

In the *Boice Case*, a person undertook to give a chattel mortgage on goods and chattels actively used in trade by one who continued to exercise the dominion of owner over the same. There the court held that "such a mortgage * * on a stock of goods, wares and merchandise, * * which contains provisions adequate to defeat its purposes," is void as against creditors and purchasers of the grantor.

[7] In the instant case the vendor sold and delivered the stock of goods to the vendee and undertook to secure the payment of the purchase money by reserving the title to the property until the same was paid in full. By necessary implication, the vendee had the right to dispose of the goods in the due course of business, and from time to time to replenish his stock by the purchase of new goods.

We are of opinion that the lien which the vendor attempted to reserve to secure the unpaid purchase price is void as to the stock of merchandise, but valid as to

the fixtures.   To sustain the lien as to the shifting stock of goods would be to give the vendees a "fictitious credit, and allow him to pose before the world as the owner of goods when such is not the fact.   *   *   Property bought for the express purpose of daily indiscriminate sale to the general public, exposed for such sale at the place of business of a licensed dealer, and over which the dealer is permitted to exercise the dominion of owner, cannot be made the subject of a chattel mortgage." *Boice Case, supra*; *Gump Investment Co. v. Jackson*, 142 Va. 190, 128 S. E. 506.

The traders' act, section 5224 of Virginia Code 1919, provides that, "*   *   if any person transact business in his own name,   *   *   all the property, stock, and choses in action acquired or used in such business shall, as to the creditors of any such person, be liable for the debts of any such person."

[8]  There being no valid lien on the stock of merchandise by virtue of the conditional sales contract, it is clearly liable for all the debts of Guthrie & Spangler under the provisions of this act.   It is also liable to the debts of Guthrie & Spangler, including the debt in favor of F. E. Newcomb, under the deed of assignment of October 25, 1923, to James P. Hart, trustee.

For the foregoing reasons, the decree complained of will be reversed and the case remanded to the Court of Law and Chancery of the city of Roanoke, with instructions to require James P. Hart, trustee, after the payment of costs, to pay over to C. F. Newcomb, on the purchase price notes, the balance of the proceeds of the sale of the fixtures, including all the property mentioned in the contract, except the dry goods, groceries and notions then remaining in his hands, and to distribute the balance of the proceeds of the sale of the stock of goods, *pro rata*, among all the creditors of Guthrie & Spangler

and of C. W. Guthrie, successor in title to Guthrie & Spangler, the amount paid to C. F. Newcomb to be credited by him on the purchase price notes.

The lower court will also be directed to enter a judgment in favor of F. E. Newcomb against C. W. Guthrie and L. E. Spangler for the balance that may be due him on the notes after the payments aforesaid.

Appellant, having substantially prevailed, will be allowed his costs in this court as well as in the lower court.

*Reversed and remanded.*