TOKHEIM OIL TANK & PUMP CO., Inc., v. FENTRESS.

In re NORFOLK FILLING STATIONS, Inc.

Circuit Court of Appeals, Fourth Circuit. July 1, 1929.

No. 2824.

Frank C. Miller and W. L. Williams, both of Norfolk, Va. (Miller & Jacob, of Norfolk, Va., on the brief), for appellant.

Thomas H. Willcox, Jr., of Norfolk, Va. (Willcox, Cooke & Willcox, of Norfolk, Va., on the brief), for appellee.

Before PARKER, Circuit Judge, and SOPER and ERNEST F. COCHRAN, District Judges.

SOPER, District Judge. The Tokheim Oil Tank & Pump Company, Incorporated, filed a petition in the bankruptcy proceeding of the Norfolk Filling Stations, Incorporated, to reclaim from the trustee certain oil tanks and pumps which, prior to the adjudication in bankruptcy, had been sold and delivered to the bankrupt under a recorded conditional contract of sale. The question at issue is whether the contract was so framed and recorded as to comply with the terms of the Virginia statutes.

The contract of sale was dated April 13, 1928, and covered 156 tanks and pumps of varying capacity. The articles in each class were described by reference to their capacity and cut number in the vendor's catalogue. In addition, all of the articles were described as being green with decals. The term "decals" refers to a metal device to be attached to the pumps, bearing the trade mark and name of the vendee. The contract further showed that the purchase price of the goods was $4,900, of which $980 was paid in cash and $3,920 was to be paid in ten monthly payments of $392, to begin 30 days from date of shipment. The title to the property was to remain in the vendor until paid for in full. The printed form upon which the contract was executed contained a blank under the caption "date to ship," wherein there appeared in typewriting two dates—April 23 and May 1, 1928—written one above the other, and it is difficult, if not impossible, to tell which of the two dates was intended by the contracting parties.

The contract further provided that the equipment should be used in the business of the vendee at its address at Norfolk, Va., and should not be removed therefrom without the vendor's previous written consent, and that, upon any removal of the property contrary to the terms of the agreement, or upon an attempt to sell or transfer possession or ownership of any of the property, then the full amount of the purchase price unpaid should become due and payable upon demand.

The goods were shipped on May 5, 1928, over the Norfolk & Western Railway Company, and were delivered on May 11, 1928, at a railroad siding located in Norfolk county, Va., and were unloaded by the vendee into its warehouse in that county. The pumps were distributed by the bankrupt in the course of its business under lease to various customers and retail dealers in the city of Norfolk and in Princess Anne and Norfolk counties, Va., and, at the time of the adjudication in bankruptcy, four of them were in the city of Norfolk, five in Princess Anne county, and the remainder in Norfolk county, either in the possession of the bankrupt itself, or in the possession of its customers.

The contract was recorded in the clerk's office of the corporation court of the city of Norfolk on May 28, 1928, and, in accordance with the provisions of the Virginia law, was docketed by the clerk, whose record, although indicating that the deferred payments were to begin 30 days from date of shipment, failed to set out any date of shipment.

The conditional sales contract statute of Virginia, codified in section 5189 of the Supplement of 1922 of the Code of Virginia, provides in part as follows:

"Every sale, or contract for the sale of goods and chattels, wherein the title thereto, or a lien thereon, is reserved, until the same be paid for, in whole or in part, or the transfer of title is made to depend on any condition, where possession is delivered to the vendee, shall, in respect to such reservation and condition be void as to creditors of the vendee who acquire a lien upon the goods

and as to purchasers from the vendee, for value, without notice, from such vendee unless such sale or contract be evidenced by writing, signed by the vendor and the vendee, setting forth the date thereof, the amount due, when and how payable, a brief description of the goods and chattels, and the terms of the reservation or condition; and unless a memorandum of said writing, setting forth the name of the vendor and vendee, the date thereof, the amount due thereon, when and how payable, and a brief description of said goods and chattels is filed for docketing with the clerk of the county or corporation, where deeds are admitted to record, as provided by law, in which said goods and chattels may be."

It was held in Groner v. Babcock Mfg. Co. (C. C. A.) 267 F. 822, that a trustee in bankruptcy is entitled to the right of a subsequent lienholder as against a conditional contract of sale invalid under the Virginia statute. It has also been held by the Virginia courts that a written contract which is required to be delivered to the clerk to be docketed must contain every fact which the clerk must know to properly docket the same, and that, unless the contract contains the required information, it is inherently incapable of being docketed under the statute. Newcomb v. Guthrie, 145 Va. 627, 134 S. E. 585; National Cash Register Co. v. Burrow, 110 Va. 785, 67 S. E. 370.

■ It will be observed that there are at least three important particulars which the vendor must observe in order to comply with the terms of the statute. There must be a brief description of the goods, the amount of the deferred payments and the time when they are due must be set out, and the writing must be filed for docketing with the clerk of the county where deeds are admitted to record in which the goods may be. So far as the first provision in regard to the description of the goods is concerned, it is sufficient if they are briefly described; and it has been held that a description is adequate in the sense of the statute, although it is not sufficient to enable one to identify the property without inquiry, if it at least indicates the line of inquiry and furnishes the basis for investigation. National Cash Register Co. v. Norfolk City Realty Co., 110 Va. 791, 67 S. E. 372; Tilton v. Wade Mfg. Co. (C. C. A.) 2 F.(2d) 358.

The requirements of the statute are more exacting with reference to the other details. The contract must itself contain information as to the amount due and when and how it is payable. Thus it is said in Tilton v. Wade Mfg. Co. (C. C. A.) 2 F.(2d) 359:

"It may be said that the statute as to the description of goods and chattels to be conveyed is somewhat broader than in its other provisions, in this: The requirement as to the date of the contract of sale is positive, likewise the amount due, and where and how payable, and the terms of the reservation or condition upon which the sale is made; but in describing the goods and chattels, it in terms provides for a 'brief description of the goods and chattels,' showing that in the matter of description there should necessarily be some latitude allowed."

See, also, National Cash Register Co. v. Burrow, 110 Va. 785, 67 S. E. 370; Newcomb v. Guthrie, 145 Va. 627, 134 S. E. 585.

■ The District Court found that the contract in this case was faulty in each of the three particulars referred to, and we are of the opinion that this decision was in all respects correct. In the first place it is apparent that the goods were not adequately described in accordance with the statute as interpreted by the decisions we have cited. The goods were easily capable of exact identification, because upon each article the manufacturer had placed a serial number; but there is no reference to serial numbers in the contract. The cut numbers obviously furnished no means of distinguishing the articles sold from other similar articles of the same manufacturer. The appellant relies chiefly upon certain evidence tending to show that all of the tanks and pumps were green in color and that this color was peculiar to the goods sold to the bankrupt and was not used upon pumps furnished to other dealers. But the evidence also shows an instance in which the same color was used by the vendor on goods sold to another dealer, and that certain of the bankrupt's pumps were not painted green, but were of a silver color. In addition to the uncertainty which these circumstances create, a fatal defect in the description of the goods is that they were described as containing the decals or trademark of the vendee, whereas in fact, although such was the intention of the parties, the goods were delivered to the vendee without a trade-mark, and none was applied. Consequently any one would be led by the absence of the trade-mark to believe that the goods were not covered by the recorded contract.

■ The contract as recorded was also defective, in that it failed to show the time when the deferred payments were due. It has been pointed out that the ten monthly payments of $392 each were to begin 30 days from the date of shipment, but that the date of shipment was missing from the docket

prepared by the clerk. Obviously, therefore, no constructive notice was given of this essential element required by the statute to be given to the public. It would doubtless be no answer to this objection to the contract to show that the information appeared in the original contract, but was omitted from the docket by a mistake of the clerk; and in this case not even that defense can be made, because the contract itself was uncertain in this particular and the date was probably omitted by the clerk because he was unable to determine which of the two dates shown in the original contract was intended by the parties to be effective.

Finally the vendor failed to comply with the requirements of the statute because the contract was recorded in the wrong place. The goods were billed by the vendor to the bankrupt at Norfolk, Va., but were in fact delivered to the bankrupt's warehouse, which was not located in the city of Norfolk, but at or near a railroad siding across the line in Norfolk county. Therefore the contract should not have been docketed in the city of Norfolk, but in Norfolk county, where the goods were kept, and whence they could not be removed without the vendor's previous written consent. The appellant does not seem to deny that the contract should have been so recorded, but relies on the provisions of section 5196 of the Code of Virginia of 1919, which is as follows:

"If any goods or chattels mentioned in such writing be removed from a county or corporation in which it is admitted to record, the said writing shall, within one year after such removal, be admitted to record in the county or corporation to which the property is so removed; otherwise the same, for so long a time thereafter as it is not admitted to record in such last mentioned county or corporation, shall, as to the property so removed, be void as to such creditors or purchasers. But such writing shall not be so void in respect to the interest of any infant, or insane person, if before the end of one year after the disability shall cease, the writing be recorded in the county or corporation to which the property is removed."

The argument seems to assume that the goods were first possessed by the vendee in the city of Norfolk and subsequently removed by it across the line into the county of Norfolk, and that consequently the vendor would have a year after the removal within which to record the contract in the county. As a matter of fact, the contract was never recorded in the county, but the vendor contends that, since the bankruptcy occurred within a year, and the trustee, prior to the expiration of the year, had actual knowledge of the vendor's rights under the contract, it was not necessary, in order to safeguard the vendor's right, to record the contract again. It is a sufficient answer to this argument that there is no evidence to justify the assumption that the vendee received the goods in Norfolk city and subsequently removed them to the county. On the contrary, the evidence is undisputed that the goods were received by the vendee at its warehouse in Norfolk county, and that some of them remained there until the time of the adjudication in bankruptcy, and that others were removed to the places of business of the vendee's customers, either in Princess Anne county or Norfolk county, with the exception of four only of the pumps or tanks, which at the time of bankruptcy were in the possession of customers of the bankrupt in the city of Norfolk. It is therefore clear that the contract was improperly recorded as to all of the goods, with the possible exception of the four articles last mentioned, and that, even as to these, the contract furnished no protection to the vendor's rights because of the defects in other particulars already described.

The order of the District Court, by which the petition of the appellant was dismissed, is affirmed.