First Galesburg National Bank and Trust Company, Appellant, v. Melvin Reyelts, Appellee.

Gen. No. 9,555.

Opinion filed September 19, 1940.

ROBERT M. EGAN, of Galesburg, for appellant.

DALE G. IVES and VIRGIL C. LUTRELL, both of Aledo, for appellees.

MR. JUSTICE DOVE delivered the opinion of the court.

On and prior to January 27, 1939, Herbert Mortenson was engaged in the sale of new and used automobiles in Galesburg, Illinois, doing business as the Mortenson Auto Service. He maintained a salesroom for the display of new and used automobiles and was the authorized dealer and agent for the sale of Olds-

mobile cars. On that day he sold to C. H. Chilson of Galesburg an Oldsmobile Sedan. Chilson made a down payment and executed a promissory note payable in monthly instalments for the balance of the purchase price, together with a conditional sales contract to the Mortenson Auto Service. On the same day this note and conditional sales contract were indorsed and transferred for value to the Western Investment Company and the Western Investment Company, on July 1, 1939, assigned and transferred them to the First Galesburg National Bank and Trust Company, the plaintiff herein. By the terms of this contract, the title to the automobile which Chilson purchased remained in the Mortenson Auto Service or its assigns until the purchase price had been paid in full. Chilson took possession of the car and made the monthly payments as required by the contract to and including May 5, 1939. Chilson contemplated moving to California and did move, but before leaving and on May 15, 1939, he left his automobile with the Mortenson Auto Service with instructions to place it in its showroom and to sell the same, pay the amount remaining due on his note and remit whatever balance, if any, to him. His acts in so doing were without the knowledge or consent of the Western Investment Company. The June 5th payment on the note and contract held by the Western Investment Company, which had been executed by Chilson and assigned by Mortenson Auto Service to it was not made and the Western Investment Company, on making inquiry, learned that Chilson had moved to California and on June 7, 1939, sent him a telegram requesting payment. Chilson replied to this message by letter sending it from California by air mail, which letter was received by the Western Investment Company at Galesburg, Illinois, on either the last mail delivery on June 8th or on the first morning delivery of June 9, 1939. By this letter, Chilson informed the Western Investment Company that he had left the car at Mortenson's

garage for the purpose of sale, and advised it of the instructions he had theretofore given Mortenson Auto Service.

On June 9, 1939, Melvin Reyelts, a farmer residing near New Boston, called at the Mortenson Auto Service in Galesburg with reference to purchasing a used automobile, was shown the Chilson car and Herbert Mortenson sold it to him that day at about 10:30 o'clock p.m. The agreed purchase price was $925 and Reyelts delivered to Mortenson his used Chevrolet car and executed a note for $699.66 and a conditional sales contract which Mortenson promptly indorsed, transferred and assigned to the Northern Illinois Finance Corporation. During the course of their negotiations, Reyelts agreed to send his certificate of title to Mortenson on the following day and Mortenson agreed to mail to Reyelts the certificate of title to the Oldsmobile Sedan the next day. Following the execution of the note and conditional sales contract and on the evening of June 9, 1939, Reyelts, after delivering to Mortenson his old car, received from Mortenson the Chilson car and drove it to his home that evening and used it until July 13, 1939, at which time the First Galesburg National Bank and Trust Company, assignee of the Western Investment Company, claiming title to the Oldsmobile by virtue of the conditional sales contract executed by Chilson, instituted this action of replevin. Reyelts executed a forthcoming bond to the sheriff and upon the hearing, the foregoing facts were stipulated, a jury was waived and the cause submitted to the court for determination resulting in a judgment in favor of the defendant to reverse which the plaintiff appeals.

The Uniform Sales Act provides that where goods are sold by a person who is not the owner thereof, and who does not sell them under the authority or with the consent of the owner, the buyer acquires no better title to the goods than the seller had, unless the owner of the goods is, by his conduct, precluded from denying

the sellers authority to sell (Ill. Rev. Stat. 1939, ch. 121½, sec. 23 [Jones Ill. Stats. Ann. 121.27]). Under this provision of the statute it has been held that a conditional vendor who placed an automobile in the salesroom of a dealer was estopped from claiming title thereto as against a finance company who held a conditional sales contract thereon which was executed by a purchaser from the dealer. *National Bond & Investment Co. v. Shirra,* 255 Ill. App. 415. In *Gump Inv. Co. v. Jackson,* 142 Va. 190, 128 S. E. 506, 47 A. L. R. 82, it appeared that Jackson purchased an automobile from a retail dealer for value, without notice of any defect in the title thereof. The Gump Investment Company claimed it under a prior conditional sales contract executed by one Sutton to the retail dealer and by the dealer assigned to the Investment Company. The court held that Jackson had the superior title and said: "One conclusion is that some duty, at least, rests upon an individual, corporate or otherwise, who finances a retail dealer, to see to it that cars upon which it has a lien are not left under the domain and control of such dealer on his salesroom floor, to be offered to the public."

Counsel for appellant insist that at the time appellee purchased this car, Mortenson was acting as the agent of Chilson: that Chilson could convey no better title than he had: that the title was in the Investment Company and that neither it nor appellant had anything to do with the car being placed in the salesroom of Mortenson, did not induce the appellee to purchase the car, never led any one to believe Mortenson was authorized by it to sell the Chilson car and that the wrongful act of Mortenson or of Chilson should not operate to defeat appellant's title or estop it from asserting its title in this proceeding.

It is true that the Western Investment Company never learned that Chilson had left his car with

Mortenson or that Mortenson had the car on display in his salesroom and was attempting to sell it until the evening of June 8th or the morning of June 9th, but it did know it then. Mortenson's place of business was in Galesburg and so was the Investment Company's and it knew that Mortenson had a salesroom from which cars were sold at retail. When it received Chilson's letter, it was advised that Chilson's car could there be found and the purpose for which it was there. Had the Investment Company acted promptly, no fraud could have been perpetrated. It did not do so, but knowingly permitted the automobile which it now claims to own to remain in the showroom where any customer might see it on display and where it was being offered to the public generally for sale. By so doing, a customer, appellee in this case, in good faith, assuming that Mortenson had title, purchased the automobile and in so doing, it seems to us, should be protected against the holder of a secret lien of which he had no notice. *Illinois Bond & Investment Co. v. Gardner*, 249 Ill. App. 337.

Neither appellant or the Investment Company are chargeable with the acts of either Chilson or Mortenson, unless it can be said that the Investment Company consented, after it became informed that the Chilson car was at Mortenson's for sale, that the car should remain there for the purpose of being sold by Mortenson. Under all the facts in this record as they appear from the stipulation of the parties, it must be held that the Western Investment Company consented to the sale by Mortenson, its consent being evidenced by the fact that it did nothing to get possession of its car, but permitted it to remain in the salesroom of Mortenson after it had knowledge that it was there and there for the purpose of being sold. In our opinion, appellant and the Western Investment Company are precluded in this proceeding by their conduct, from denying

Mortenson's authority to sell the Chilson car to appellee.

The judgment of the trial court is right and will be affirmed.

*Judgment affirmed.*